UNITED STATES, Appellee

v.

JACK OLIVER, Private E–2, U. S. Army, Appellant

2 USCMA 613, 10 CMR 111

LT COL Herman P. Goebel, Jr., U. S. Army, and 1ST LT Patrick H. Thiessen, U. S. Army, for Appellant.

LT COL Thayer Chapman, U. S. Army, LT COL William R. Ward, U. S. Army, and 1ST LT Joseph C. Chandler, U. S. Army, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

A general court-martial, convened at Fort Sheridan, Illinois, convicted the petitioner, Oliver, of desertion with intent to remain absent permanently, the offense proscribed by the Uniform Code of Military Justice, in Article 85(a)-(1), 50 USC § 679(a)(1). The convening authority approved, and a board of review in the Office of The Judge Advocate General, United States Army, affirmed the conviction. Upon petition of the accused, this Court granted further review, limited, however, to two questions:

"1. Whether the evidence is sufficient to support the finding of guilty.

"2. Whether the evidence required instructions on the lesser offense of AWOL."

II

Of necessity, the first question requires an extensive review of the facts of the instant case. At the conclusion of his basic training at Fort Riley, Kansas, the appellant was ordered to Fort Lawton, Washington, for shipment to the Far East Command. He left Fort Riley on November 21, 1951, and, with twelve days of delay authorized enroute, was directed to report at Fort Lawton by December 6. However, he did not proceed to Fort Lawton as ordered, but instead was apprehended, on January 8, 1952, by civilian police authorities at the home of his parents in Decatur, Illinois. The period of his unauthorized absence ran to thirty-three days.

Accused took the witness stand in his own behalf. He testified that he traveled to the home of his parents in Decatur, Illinois, where his wife and infant daughter were residing during his military service. Upon arrival, he found his only child—then some four months old—ill with a respiratory infection. He and his wife consulted with a physician, who prescribed medication for the child. Because of his acute concern over the baby's health, he chose not to comply with his orders to report to Fort Lawton, but remained at home to satisfy himself of her recovery. After a brief appearance of considerable improvement, the child's condition deteriorated suddenly and rapidly, with the result that late on Christmas Day, she was removed for treatment and observation to the Decatur and Macon County Hospital, Decatur, Illinois. The daughter was released from the hospital on December 31. Accused related that he remained at home following that date only to assure himself that the infant's recovery was permanent, and that she was safe from further relapse. His plan, he said, was to return to the Army at the end of the week during an early part of which he was apprehended—since it appeared to him that the child's recovery would have been complete by that time. During the entire period of his absence, the appellant remained at his parents' place in Decatur, his home of record; he wore his uniform at all times; he made no attempt to alter his identity nor to conceal himself; he obtained no civilian employment. Although he did not seek through official channels an extension of his authorized period of leave, he explained that he had not done so for the reason that his request for a three-day pass at the time of the birth of his

614

child had been summarily rejected. He indicated that he had no reasonable expectation that an extension application would have been granted, if sought. In considering this testimony of the accused, it is of distinct importance to note that the facts of the illness and hospitalization of the child were corroborated through an extract copy of the records of the Decatur and Macon County Hospital duly attested by that institution's "Medical Record Librarian."

## III

On the basis of this complex of evidence two general interpretations are possible. On the one hand is that apparently adopted by the court: a soldier, fresh from basic training and ordered to important service, wants no more of the Army, and chooses to absent himself with no intention of returning voluntarily. On the other, the canvas reveals a young father, similarly fresh from basic training and ordered to foreign duty, who, upon his authorized arrival at home, finds his infant daughter, his only child whom he had not hitherto seen, ill. Subsequently the child's condition became serious enough to require hospitalization. The young man's intention was to remain absent from his unit only so long as was necessary to ascertain that the baby was out of danger. Although the first picture clearly shows an accused who is guilty of desertion, the second with equal force suggests criminal responsibility for mere absence without leave, a much less serious offense. The accused's straightforward and consistent testimonial account of his conduct and promptings certainly is not inherently improbable; moreover it was reliably corroborated in a critical particular.

"If the evidence can be reconciled either with the theory of innocence or of guilt the law requires that the defendant be given the benefit of the doubt and that the theory of innocence be adopted." Vernon v. United States, 146 F 121, 123 (CA8th Cir); see also Grantello v. United States, 3 F2d 117, 118 (CA8th Cir). And the court in Stoppelli v. United States, 183 F2d 391, 393 (CA9th Cir) expressed the view that "the evidence is insufficient to sustain the verdict only if we can conclude *as a matter of law* that reasonable minds, as triers of the fact, must be in agreement that reasonable hypotheses other than guilt could be drawn from the evidence." Additionally, this Court stated in United States v. O'Neal (No. 25), 2 CMR 44, decided February 7, 1952, that "These [cited] cases appear to establish fully the presence of substantial authority to the effect that if a reasonable inference other than that of guilt may be drawn from the evidence, a trial court should direct for the accused, and in a proper case an appellate court should reverse a conviction." It is our convinced view that reasonable minds must be in agreement that the evidence in the instant case permits an inference—and a reasonable one—other than that pointing to guilt. If this is true, it must be perfectly plain that the findings of the court-martial are not supported by sufficient evidence of record. To put the matter more strongly than is perhaps necessary, they—the findings—can only have been the product of suspicion, conjecture and speculation. As such they cannot stand. United States v. Peterson (No. 199), 3 CMR 51, decided April 17, 1952.

## IV

In view of what has gone before, there is little point in dealing with the second specified issue. However, it will be mentioned briefly. In connection with his instructions with respect to the elements of the crime charged, the law officer omitted to instruct the members of the court-martial concerning the elements of the lesser included offense of absence without leave, defined by the Uniform Code, supra, in Article 86, 50 USC § 680. From the preceding recitation of the evidence adduced at the trial, and from what we have held earlier herein, it is patent that we must hold that absence without leave was fairly raised as a reasonable alternative to the desertion charged. This being so, the failure of the law officer in this particular constituted prejudicial error. United States v.

Lowery (No. 683), 8 CMR 115, decided March 13, 19-3.

It follows from what has been said that the findings of guilty of desertion must be set aside and the charges dismissed. However, it is apparent that the accused is guilty of an absence without leave of 33 days duration. Accordingly, the case is remanded to The Judge Advocate General, United States Army, for reference to a board of review for further consideration in accordance with this opinion.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring and dissenting):

I concur with the holding of the majority that there should have been an instruction on the lesser included offense of absence without leave in accordance with our decision of United States v. Lowery, supra.

I dissent from the remaining portion of the opinion. The case at hand is strikingly similar to that of United States v. Knoph (No. 605), 6 CMR 108, decided December 31, 1952, in which we affirmed a finding of guilty. There are many inconsistencies in the story related by the accused and the corroboration consists of a hospital record which shows that approximately three weeks after he was required to report for shipment overseas his child was confined for one week because of an inflammation of the bronchial tubes. Every service man with children of tender years could offer a similar explanation. Moreover it was some eight days after the child was released when accused was apprehended. Of course like other absentees he never contacted military authorities, Red Cross, or other welfare agencies and he intended to return in a few days but apprehension interfered with his plan.

What appears to me to be inconsistent holdings will continue so long as we weigh evidence and determine credibility of witnesses.