UNITED STATES, Appellant

v.

WILLIE L. SEYMOUR, JR., Private E–2, U. S. Army, Appellee

3 USCMA 401, 12 CMR 157

No. 2728

Decided September 18, 1953

LT COL William R. Ward, U. S. Army, for Appellant.

LT COL Edgar R. Minnich, U. S. Army, and 1ST LT Joseph B. Axelman, U. S. Army, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

A general court-martial, convened at Otsu, Honshu, Japan, found the accused guilty of the wrongful possession of heroin, a habit-forming drug, in violation of Article 134, Uniform Code of Military Justice, 50 USC § 728. Following his consideration of the record, the convening authority approved. However, a board of review in the office of The Judge Advocate General, United States Army, reversed the conviction on the ground that the record failed to show affirmatively that the accused was warned, as required by Article 31 of the Code, *supra,* 50 USC § 602, before an incriminatory statement received in evidence was secured from him. Following this action of the board of review, The Judge Advocate General certified two questions to this Court:

"(1) Under the circumstances of this case, does the receipt in evidence of an admission by accused when questioned by a CID agent constitute reversible error when the record is silent as to whether accused was first warned of his rights under Uniform Code of Military Justice, Article 31?

"(2) If the answer to (1) is in the affirmative, is the error in admitting the answer in evidence fatal if the other evidence establishing the commission of the offense is compelling?"

## II

The facts necessary to an understanding of the first question are set out hereafter. An agent of the Criminal Investigation Division, called as a witness for the Government, testified that he had assisted Japanese authorities in the conduct of a raid on a native dwelling known to be—or, at least, suspected of—supplying drugs to occupation personnel. The agent found the accused there, arrested him, and later secured from his shirt pocket a small packet of white powder, subsequently identified as heroin. The agent related that on further investigation, then or later— the precise time does not appear—he had inquired of the accused concerning his purpose in visiting the house in which he was seized. The accused responded that, "[H]e was there to get a 'fix'." A "fix," in the parlance of the underworld, appears to be an injection of a narcotic drug. During his appearance on the stand the agent was not asked, nor did he volunteer, whether he had properly warned the accused, as required by Article 31, before soliciting this inculpatory answer from him. Defense counsel registered no objection whatever to this testimony. In these facts, of course, is found the basis for the first question certified.

## III

"A confession is an acknowledgment of guilt, whereas an admission is a self-incriminatory statement falling short of an acknowledgment of guilt." Manual for Courts-Martial, United States, 1951, paragraph 140a. The accused here was charged with the wrongful possession of heroin. Therefore, it is clear beyond question that his statement to the effect that he was in the house "to get a 'fix'," although obviously inculpatory, fell far short of a confession of guilt. It must, therefore, be treated as amounting to no more than an admission, and certainly not as a confession.

Article 31(d) of the Code provides, very simply, that:

"No statement obtained from any person in violation of this article, or through the use of coercion, unlawful influence, or unlawful inducement shall be received in evidence against him in a trial by court-martial."

The Article makes no attempt to pro-

**402**

vide detailed rules governing the admission of incriminatory statements. That function appears to have been left to the President under the authority delegated to him by Article 36 of the Code, *supra*, 50 USC § 611, to prescribe "The procedure, including modes of proof, in cases before courts-martial." The rules promulgated by the President are, of course, those contained in the Manual for Courts-Martial, United States, 1951, and are controlling, if not in conflict with the letter or spirit of the Code. United States v. Gann and Sommer, 3 USCMA 12, 11 CMR 12, decided July 3, 1953, and cases there cited.

Paragraph 140*a* of the Manual, *supra*, having to do with the matter of proof of voluntariness, draws a sharp distinction between confessions and admissions in this connection:

"The admissibility of a confession of the accused must be established by an affirmative showing that it was voluntary, unless the defense expressly consents to the omission of such a showing, but an admission of the accused may be introduced without such preliminary proof if there is no indication that it was involuntary. . . ."

At a subsequent point of particular relevance here, paragraph 140*a* also provides that:

". . . [I]n case the confession or admission was obtained by interrogation or request during an official investigation (formal or informal) in which the accused was a person accused or suspected of the offense, the statement may not be received in evidence, if affirmative evidence that it was voluntary is required, unless it is shown that through preliminary warning of the right against self-incrimination, or—if the statement was not obtained in violation of Article 31*b*—for some other reason, the accused was aware of his right not to make the statement and understood that it might be used as evidence against him. . . ."

The draftsmanship of this passage seems neither careful nor artful, and we are not entirely sure that we grasp its meaning in all respects. However, this much may be said of its effect here. The statement involved in ▆▆▆▆▆ ▆ the case at bar was at least secured "by interrogation or request" during an informal investigation in which the accused was suspected of an offense. There can be no doubt that an appropriate warning was required by Article 31. However—and despite its obscurity—the ▆▆▆▆▆ ▆ obvious import of the quoted Manual language is that there need be *affirmative* proof that such warning was given only where affirmative evidence that the statement was voluntary is required. This conclusion is supported by what appears to be a general intention on the part of the draftsmen of both the Code and Manual to assimilate the requirements of voluntariness and warning. Uniform Code, *supra*, Article 31; Manual, *supra*, paragraph 140*a*; Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, 215, *et seq*. It seems to us to be supported as well by considerations having their origins in common sense, in sound analogy, and in the necessity for an orderly procedure. As we have seen, affirmative evidence of voluntariness is mandatory—in the case of an admission rather than a confession—only when there is some indication that the admission was involuntary. No such indication was presented here. There was in this case, therefore, no necessity for proof of voluntariness, and—in accordance with the foregoing terms of the Manual—no necessity for affirmative proof that a proper warning was given. We perceive in this ruling no sort of conflict with either the letter or the spirit of Article 31 of the Code, *supra*.

IV

There can be no reasonable question of conflict between anything said here and the principle developed in United States v. Wilson and Harvey, 2 USCMA 248, 8 CMR 48, decided February 27, 1953, with respect to necessity for the warning demanded by Article 31. Assuming that the incriminative statements offered in that case amounted to no more than admissions, the record of trial clearly reflects that no warning

**403**

had in fact been given. Here the record is silent on the question, so far as express verbiage is concerned, and the effect of the entire testimony is as consistent with the presence of warning as with its absence. See, too, in this connection United States v. Pedersen, 2 USCMA 263, 8 CMR 63, decided March 2, 1953, where it was also evident from the record that no warning had been given.

It follows, that the first question must be answered in the negative. This obviates the necessity for a determination of the second. The record is returned to The Judge Advocate General, United States Army, for reference to the board of review for reconsideration in light of the views expressed herein.

Chief Judge QUINN concurs.

Judge LATIMER concurs in the result.