UNITED STATES, Appellee

v

L. C. CLAY, Private E–2, U. S. Army, Appellant

9 USCMA 582, 26 CMR 362

*First Lieutenant Judson A. Parsons, Jr.*, argued the cause for Appellant, Accused. With him on the brief was *Captain Arnold I. Melnick*.

*First Lieutenant William H. Keniry* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel John G. Lee, Major Thomas J. Nichols*, and *First Lieutenant Avram G. Hammer*.

## Opinion of the Court

HOMER FERGUSON, Judge:

Tried by an Army general court-martial, convened at Frankfurt, Germany, the accused was convicted of assault with a dangerous weapon, to wit: a knife, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928.

The law officer failed to instruct on assault and battery as a lesser included offense. This Court granted review solely on the issue whether his failure to do so was prejudicial. The facts giving rise to the controversy briefly are as follows: The accused and his victim became embroiled in a fight following an attempt by each to engage the same taxicab. At the trial conflicting testimony was presented on the issue of whether the accused had used a knife. Eyewitnesses gave conflicting accounts of the use of a knife by the accused. Ample testimony, however, including that of the accused himself, affirmed the fact that the accused and the victim engaged in fisticuffs. The evidence shows that the victim is the one who handed the knife to the military police when they were about to search him. There is some evidence that the victim took part in other altercations. On the other hand, evidence was presented of the accused's honesty and reputation for being a peaceable man.

From the above recitation of evidence, it seems clear that the offense of assault and battery was ▮▮▮▮▮▮ reasonably raised as an alternative to the offense charged.

This Court said in United States v Hobbs, 7 USCMA 693, 23 CMR 157:

"We are sure that it has become evident, through a course of decision, that we apply a fairly liberal standard in determining whether a lesser offense is included within the principal one. Rather than rely upon a theoretical analysis of the offense charged, we have preferred to test the facts stated and proved in support of the principal offense and thus determine whether various lesser offenses are comprehended therein. United States v Davis, 2 USCMA 505, 10 CMR 3. By way of illustration, we have regarded assault with a dangerous weapon as a lesser included offense to robbery, even though only the facts established that the instrument used could be regarded as one likely to inflict death or grievous bodily harm. United States v McVey, 4 USCMA 167, 15 CMR 167; United States v Craig, 2 USCMA 650, 10 CMR 148. The allegation of 'force and violence' in the charge of robbery was enough, we held. And in United States v Shelton, 4 USCMA 116, 15 CMR 116, we found that assault whereby grievous bodily harm was intentionally inflicted was a lesser included offense to assault with intent to murder, even though the extent of the injuries inflicted and their serious character was not specifically alleged. We felt entirely free to follow the path which we took because, in each instance, every element of the lesser offense was clearly raised by the factual situation and all were fairly included within the general allegation of the specification."

In a case somewhat similar to the in-

stant one, United States v Richardson, 2 USCMA 88, 6 CMR 88, the accused was charged with robbery. He denied the robbery but admitted to assault and battery. There, as here, the evidence clearly raised the issue of the lesser included offense of assault and battery. While the law officer in *Richardson* properly instructed as to the elements of the offense charged, he failed to instruct as to the elements of assault and battery. However, he did refer the court to the Manual for Courts-Martial, United States, 1951, Appendix 12, which affirmatively sets forth "assault" as a lesser included offense of robbery. This Court held that since an issue was raised as to assault and battery, failure to instruct thereon constituted prejudicial error and such error was not cured by the law officer's reference to the Manual. It is to be noted in the instant case that Appendix 12 of the Manual lists "assault" as a lesser included offense to assault with a dangerous weapon. In the instant case the language "by cutting him on the arm" would seem more clearly to allege a battery than does the *Richardson,* supra, specification alleging robbery by force and violence.

In State v Upham, 52 Idaho 340, 14 P2d 1101, where defendant was charged with assaulting prosecutor with a deadly weapon by striking him with a club, it was held that the offense of battery was sufficiently charged.

The specification in the instant case alleges that the accused "did . . . commit an assault upon . . . [the victim] by cutting him on the arm with a dangerous weapon, to wit: a knife." This specification clearly contains within it the elements of both assault and battery. The proof reasonably raised an assault and battery by fists, to which accused judicially confessed. The only dispute at trial was on the question of the existence and use of the knife which would determine whether or not the offense was an aggravated one.

This Court has consistently held that a law officer must instruct on the elements of lesser included offenses where they are reasonably raised by the evidence as alternatives to the offense

charged, and a failure to do so is error as a matter of law. United States v Clark, 1 USCMA 201, 2 CMR 107; United States v Strong, 1 USCMA 627, 5 CMR 55; United States v Davis, 2 USCMA 505, 10 CMR 3; United States v Baguex, 2 USCMA 306, 8 CMR 106; United States v Cloutier, 2 USCMA 244, 8 CMR 44; United States v Rodgers, 8 USCMA 664, 25 CMR 168. And a mere failure of the defense counsel to request such instructions or object to their absence will not serve as a waiver. United States v Wilson, 7 USCMA 713, 23 CMR 177.

Nor is there here such a variance between specification and proof as would mislead the accused to his prejudice. In United States v Hopf, 1 USCMA 584, 5 CMR 12, this Court unanimously said:

". . . The law is not so much concerned with the words used as with elemental concepts of justice. It is universally held that a variance is not fatal unless it operates to substantially prejudice the rights of the accused."

Even assuming a variance between the specification and proof, it is not fatal where the specification and evidence would protect the accused against another trial for the same offense and where he is not misled or hampered in the preparation of his defense. United States v Hopf, supra; United States v Kluttz, 9 USCMA 20, 25 CMR 282.

The evidence discloses only the one fight between the victim and the accused. It evinces a striking of the victim by the accused with his fist, with a dispute as to whether a knife was also utilized. The specification alleges an assault and battery against a named victim on one particular occasion. Defense counsel can reasonably be expected to prepare to defend against other aspects of the same altercation or transaction. There is clearly no element of surprise where the accused admitted on direct examination to hitting the victim with his fists. Nor can it reasonably be contended that the accused could be put in double jeopardy. If acquitted by the court-martial of the

charge of assault with a dangerous weapon, accused clearly could not now be tried for an assault and battery with his fists arising out of the same transaction.

In the light of the law officer's error in failing to instruct *sua sponte* on the lesser included offense of assault and battery where it was reasonably raised by the evidence, the findings of guilty of assault with a dangerous weapon and the sentence are set aside and the record of trial is returned to The Judge Advocate General of the Army for reference to a board of review which may order a rehearing or affirm a conviction of the lesser offense of assault and battery and assess a proper sentence.

Judge LATIMER concurs.

Chief Judge QUINN dissents.