UNITED STATES, Appellee

v

JOHN E. THOMPSON, Private
U. S. Army, Appellant

11 USCMA 5, 28 CMR 229

No. 12,879

Decided November 20, 1959

*Miss Madeline DeFina* was on the brief for Appellant, Accused.
*Lieutenant Colonel James G. McConaughy* and *First Lieutenant Edward J. Lee* were on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

This appeal brings up for review instructions by the law officer.

The accused was charged with acting in conjunction with three other enlisted men in assaulting and intentionally inflicting grievous bodily harm upon Private First Class L. E. Smith. The evidence shows that the accused and others, members of an Airborne Battle Group in Germany, inquired as to the location of Smith's room; the accused represented that he owed Smith $10.00 and wanted to pay him before he "went home." On obtaining the desired information, the accused and his companions went to Smith's room. When they entered, Smith was on his bed. He started to rise but was pushed back by Tucker, one of the visitors. Tucker then left to "keep watch"; the remaining three proceeded to pummel Smith with their fists. When Smith fell from the bed to the floor they kicked him. Screams from Smith's room attracted Specialist Firlotte. He went to Smith's room. The door was open and he saw someone hitting Smith. Two or three other people were present. About five or six seconds later the person hitting Smith broke off the engagement and left the room. Firlotte heard him say "If he messes with me anymore, I'll kill him." The others also left. About then, Lieutenant Perriello and the First Sergeant came on the scene. A search was instituted for Smith's assailants. They were found behind some wall lockers by Sergeant Schleshe. As the Sergeant remarked "There they are," the accused pointed at him and said

"You've had it, Sarge; you're next." As a result of the beating, Smith suffered a split eyelid, which had to be stitched together, and the loss of two front teeth.

At trial, the accused pleaded not guilty to the specification but guilty of assault and battery. During an out-of-court hearing on the instructions, defense counsel argued that as a matter of law the evidence failed to show an aggravated assault and that "the only offense" was assault and battery. However, the law officer instructed on the elements of the offense charged, assault with the intent to inflict grievous bodily harm, and the lesser included offense of assault with a means likely to produce grievous bodily harm. He did not instruct on the specific elements of assault and battery, but he did advise the court-martial as follows:

"If you should find the accused not guilty of either the offense charged or the lesser included offense that I have just instructed you on, then in view of the accused's plea of guilty to assault and battery, you may find him guilty of this offense.

"The court is instructed that a plea of guilty standing before the court is a complete confession of guilt of the offense and justifies a finding of guilt. A plea of guilty admits each and every element of the offense, removes the presumption of innocence, and eliminates the requirement that the government establish its case beyond a reasonable doubt, and does away with the necessity of offering

proof to sustain the degree of guilt. In other words, you have three choices. You have got the offense, as alleged, that I have instructed you upon, the first lesser included offense that I have instructed you on, and assault and battery. Now, assault and battery has been raised in this case, and it is one of the offenses that you may find the accused guilty of in accordance with the instructions I have given you."

A "findings work sheet," examined by trial and defense counsel, was submitted to the court members and explained in open court by the law officer. The sheet contained four forms, with provision for appropriate changes to express the actual findings by the court-martial. The law officer instructed the members that the "final form" was the one to be used if the accused was found guilty "of the assault and battery to which he pled guilty."

After deliberation, the court returned a finding of guilty of the specification and the Charge. It imposed a sentence which extended to a dishonorable discharge and confinement at hard labor for two years. On review a board of review was not "convinced as a matter of fact" that the injuries were grievous. Accordingly, it affirmed only the findings of guilty of assault with a means likely to cause serious bodily injury and modified the sentence by reducing the confinement to one and one-half years. On this appeal it is contended that the board of review erred in refusing to hold that the law officer was required to instruct on the elements of the lesser offense of assault and battery and that his failure to do so prejudiced the accused in a substantial right.

Instructions are intended to provide the legal framework within which the court-martial reaches its findings of fact in determining the guilt or innocence of the accused. United States v Farris, 9 USCMA 499, 26 CMR 279; United States v Noe, 7 USCMA 408, 22 CMR 198. It is well-settled that in a contested case an accused is entitled as of right to an instruction on the elements of the offense charged and on every included offense reasonably placed in issue by the evidence; and it is reversible error to refuse or neglect to give such instructions. United States v Clay, 9 USCMA 582, 26 CMR 362; United States v Williams, 1 USCMA 231, 2 CMR 137. However, whether an instruction on the elements of an offense is required in a case where the accused pleads guilty is another matter. True, Article 51(c) of the Uniform Code provides that the court-martial shall be instructed on the elements "before a vote is taken on the findings." Also, the discussion on instructions in the Manual for Courts-Martial appears to require an instruction "in all cases, including those in which a plea of guilty has been entered." Paragraph 73a and b, page 112. In our opinion in United States v Lucas, 1 USCMA 19, 1 CMR 19, we approached the requirement of instructions on the elements from that standpoint. But it is distinctly arguable that in regard to the elements of the offense the Code and the Manual provisions are inapplicable in a case in which the accused enters a plea of guilty.

A plea of guilty is like the verdict of a jury. Kercheval v United States, 274 US 220, 71 L ed 1009, 47 S Ct 582. It is itself conclusive of guilt and in the face of the plea the court members cannot "as reasonable persons return any verdict except a finding of guilty." United States v Cruz, 10 USCMA 458, 461, 28 CMR 24. The standard advice the law officer gives an accused who proposes to plead guilty is that the plea admits "every element" of the offense and subjects him "to a finding of guilty without further proof." Manual for Courts-Martial, supra, appendix 8a, page 509. Since this case does not involve a plea of guilty to the offense charged, we need not pause to reconsider our Lucas approach. Instead, we may assume, in line with the Lucas case, that the Manual at least requires an instruction on the elements of the offense, notwithstanding the entry by the accused of a plea of guilty. See United States v Clay, supra.

The failure or refusal to instruct on

**7**

a particular point of law is not per se reversible error; it must appear that the omission is prejudicial to the accused. United States v Dodge, 3 USCMA 158, 11 CMR 158; United States v Jones, 1 USCMA 276, 3 CMR 10. We have had several cases before us which presented situations similar to the instant case. Two cases are expressly relied upon by the accused. These are United States v Richardson, 2 USCMA 88, 6 CMR 88, and United States v Clay, 9 USCMA 582, 26 CMR 362. In each of these the accused pleaded not guilty to the offense charged, but later, in testimony on the merits, directly admitted the commission of an offense lesser included in that charged. We held in both cases that the accused was prejudiced by the failure of the law officer to instruct on the elements of the lesser offense judicially admitted by the accused. See also United States v Oliver, 2 USCMA 613, 10 CMR 111. The Government contends that these cases are inapposite because they involve a testimonial confession of guilt to the lesser offense rather than a formal plea of guilty. In his separate opinion in United States v McElroy, 3 USCMA 606, 613, 14 CMR 24, Judge Brosman indicated that the "accused's sworn admission of guilt from the witness stand . . . [has] the effect of a plea of guilty" when testing for prejudice the omission from instruction of an element of the offense. See also United States v Smith, 8 USCMA 582, 25 CMR 86. Whether this be so need not now be considered. More to the point is our decision in United States v Glover, 2 USCMA 164, 7 CMR 40. There the accused was charged with larceny. He pleaded not guilty to the specification but guilty to the lesser offense of wrongful appropriation in violation of the same article of the Uniform Code. No instruction was given on the lesser offense. A majority of the Court concluded the accused was not prejudiced by the omission. It was observed in the principal opinion that the parties had so "narrowed" the proceedings that the court members knew they were not limited in their findings to the offense charged or acquittal, but

could consider the lesser offense to which the accused had pleaded guilty. Supra, page 167. Judge Brosman dissented from the majority's holding because he believed that the law officer had not sufficiently "brought home to the members of the court that they might properly return a finding of guilty of the lesser offense." Supra, page 170.

The record of trial in this case unmistakably shows that the elements of assault and battery were not set out by the law officer only because the delineation was made unnecessary by the accused's plea of guilty. It also shows beyond any doubt that the law officer made clear to the court members that the offense of assault and battery, to which the accused pleaded guilty, was one of the alternative findings they could consider in reaching their verdict. The point was twice emphasized—once when the law officer enumerated the elements of the offense charged and the lesser offense of assault with a means likely to produce grievous bodily harm. Thus, after enumerating the elements of these two offenses, he specifically told the court-martial that it could also consider assault and battery to which the accused had pleaded guilty. The second emphasis occurred when the law officer explained to the court members the blank form which was submitted to them to assist them in recording their verdict. Under the circumstances, there is no possibility of prejudice to the accused resulting from the law officer's failure to define the elements of assault and battery. We will not allow a sentimental regard for form to overshadow a total absence of prejudice.

The decision of the board of review is affirmed.

Judge LATIMER concurs in the result.

FERGUSON, Judge (concurring in the result) :

I concur in the result.

Charged with aggravated assault whereby grievous bodily harm was intentionally inflicted, in violation of Uniform Code of Military Justice, Article

128, 10 USC § 928, the accused pleaded guilty to the lesser offense of assault and battery, in violation of the same Article. Following an explanation of the meaning and effect of that plea, he persisted therein and it was accepted by the court-martial as voluntary. He was found guilty of the offense charged and sentenced to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for two years. The convening authority approved the sentence. However, a board of review, in the exercise of its fact-finding powers, reduced the offense to assault with a dangerous weapon, also in violation of Code, supra, Article 128, and reassessed the penalty.

The evidence adduced at the trial satisfactorily established that the accused and fellow soldiers, all former prisoners in an Army stockade, administered a severe beating to their victim, who had served as their guard. Both fists and feet were used during the assault, and it resulted in the victim's loss of two front teeth and the splitting of an eyelid.

The law officer properly instructed the court members on the elements of the offense charged and those of the lesser offense of assault with a dangerous weapon. He pointed out that the lesser offense of assault was also placed in issue. He did not instruct the court concerning its elements but informed the members that accused's plea constituted a complete confession of his guilt of that offense. The sole question with which we are faced is whether his failure to delineate the elements of assault was prejudicial error.

The accused's plea of guilty to the lesser offense of assault left in issue only the question whether, by his actions, he intentionally inflicted grievous bodily harm upon his victim or used, as found by the board of review, his hands and feet as a dangerous weapon. United States v Glover, 2 USCMA 164, 7 CMR 40; United States v Estes, 2 USCMA 171, 7 CMR 47; United States v Dinsmore, 11 USCMA —, 28 CMR —, decided this date; United States v Robertson, 11 USCMA —, 28 CMR —, decided this date. The court-martial was properly instructed concerning these elements of the more serious offenses and found accused guilty in accordance with the evidence and that advice. As the doctrine announced in United States v Glover, supra, and the other cases cited, now represents the settled interpretation by this Court of Code, supra, Article 51, 10 USC § 851, I join with my brothers in affirming the decision of the board of review.