UNITED STATES, Appellant

v

DALE E. MARRIOTT, Airman Second Class,
U. S. Air Force, Appellee

11 USCMA 480, 29 CMR 296

No. 13,817

Decided May 13, 1960

*Major Simpson M. Woolf* argued the cause for Appellant, United States. With him on the brief was *Colonel John F. Hannigan.*

*Lieutenant Colonel Philip J. Williamson* argued the cause for Appellee, Accused. With him on the brief was *Lieutenant Colonel James L. Kilgore.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A board of review reduced the accused's conviction of assault with a dangerous weapon to assault and battery, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928, and reassessed the sentence on the basis of the reduced findings of guilty. The Judge Advocate General of the Air Force certified the record of trial for review upon several issues. The first concerns a determination by the board of review that certain evidence was admitted in violation of Article 31, Uniform Code of Military Justice, 10 USC § 831. The record of trial amply supports the board of review's conclusion and we, therefore, answer the first certified issue in the affirmative. The other certified questions relate to the correctness of the board of review's action in affirming, under the specifications and evidence, the lesser offense. Without suggesting that we approve everything that was said in it, the opinion of the board of review adequately answers these questions. See also United States v Clay, 9 USCMA 582, 26 CMR 362.

The decision of the board of review is affirmed.

Judge FERGUSON concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

Paragraph 140*a*, Manual for Courts-Martial, United States, 1951, provides:

"The admissibility of a confession of the accused must be established by an affirmative showing that it was voluntary, unless the defense expressly consents to the omission of such a showing, but an admission of the accused may be introduced without such preliminary proof if there is no indication that it was involuntary."

The Court has adopted that principle and applied it in cases where there was a failure to warn issue. United States v Seymour, 3 USCMA 401, 12 CMR 157; United States v Josey, 3 USCMA 767, 14 CMR 185. See also my views in United States v Davis, 10 USCMA 624, 28 CMR 190. Accordingly, I would apply that rule to the case at bar and ascertain if the record shows an indication that there was no warning.

The board of review found that the accused was not warned, and I believe the facts and circumstances surrounding the statement support that finding. The first sergeant of the unit received a report of a barracks altercation in which a member of the squadron had been cut and was being treated at the dispensary. He proceeded to that installation, and upon arrival found the accused being given medical treatment. He said nothing at the moment, but when the wound had been dressed and the accused had stepped outside the door, the sergeant spoke to him. In his testimony, he does not mention having given the accused any warning, and this is the evidence concerning the first conversation with the accused:

"Q. Did you speak to him at all that evening?

"A. Yes, sir.

"Q. When and where?

"A. When they finished treating him, I—the OD was standing out-

481

side, and Moclair and Romero and I asked Airman Marriott how he cut his finger.

"Q. What did he say?"

Certainly it is reasonably inferable from that testimony that no thought was given to the necessity of warning and that none, in fact, was given.

The accused was represented by both civilian and military counsel, and no proper objection was made to the admissibility of the statement. The board of review recognized that this raised a question of waiver, but the board concluded it should not be imposed because of the possibility of a miscarriage of justice. The posture of the evidence is such that a conclusion to that effect is permissible. If evidence is admissible for one purpose it is immaterial that it might otherwise be objectionable for a different reason. Apart from whether the statement might tend to impeach, it must be borne in mind that guilty knowledge can be proven on direct examination as it casts light on accused's mens rea, and fabricating an exculpatory story tends to establish that ingredient. Accordingly, the inadmissible testimony not only weakened accused's credibility, it strengthened the Government's proof of one of the essential elements of the offense. Absent the inadmissible evidence, the court-martial could very well have concluded the accused was not guilty of the principal offense. The board of review so found, and its finding should not be disturbed.

The other three questions were not answered directly by the board of review but implicit in the decision is a holding that the allegations of the specifications will support the lesser offense found by the board of review, that the evidence establishes it, and that it may properly be affirmed under the instructions given the court. I believe a scrutiny of the record will support the board's holding. Moreover, the violation of Article 31 did not affect the lesser included offense for, as to that crime, the error could be waived because there is no miscarriage of justice. In that connection, it is to be remembered that accused judicially admitted that offense and now solicits us to affirm the board of review. Under those circumstances, it would be most difficult to hold he was denied a fair trial.