UNITED STATES, Appellee,

v.

James E. McGEE, Private First Class, U. S. Marine Corps, Appellant.

No. 29,730.

U. S. Court of Military Appeals.

Oct. 17, 1975.

*Captain Paul H. DuVall,* USMCR, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel P. N. Kress,* USMC, and *Lieutenant Thomas L. Earp,* JAGC, USNR, were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

FLETCHER, Chief Judge:

After drinking for several hours in an enlisted men's club at Camp Pendleton, California, the appellant and several of his companions began walking toward a neighboring community when they were accosted by a Marine named Quarles. The testimony of the various witnesses at trial, including Private Quarles' companion, is consistent with respect to the events which preceded the fatal stabbing of Private Quarles by the appellant. Without provocation, Private Quarles "started kicking Private First Class Smith all over the parking lot." Moments later, he struck Private LeBreton in the face with his fists, then punched and kicked both Private Dyette and Private Riggins. Private Quarles then directed his attention toward the appellant, inquiring whether he, too, wished to fight. Although the witnesses' testimony conflicted as to whether the appellant encouraged the subsequent affray, all agreed that the victim was at-

tempting to strike the appellant when he was stabbed.

At trial, the accused testified that the victim was inadvertently stabbed when the accused attempted to block Quarles' punch while holding a knife in his hand:

I went to try to go around his friend [and Private Quarles] moved in front of me, and he was saying something . . . and I was backing up. He kept saying something, and he leaped and hit me in the face, and I drew up to block him. I guess he got stabbed, but I didn't mean to hurt him . . . all I wanted to do was try to get away.

At issue on appeal is whether the trial judge erred in failing to instruct the court members sua sponte on the offense of involuntary manslaughter through culpable negligence, a lesser included offense of premeditated murder upon which the appellant was arraigned. Article 51(c), Uniform Code of Military Justice, 10 U.S.C. § 851(c). Government counsel acknowledge that an accused's testimony may be sufficient, in and of itself, to place a lesser included offense in issue;[1] however, they contend that such was not the case here since the appellant's testimony did not reasonably raise the possibility that his stabbing of Quarles was "an unintentional killing committed by culpable negligence."[2]

■ Even though the trial judge implicitly determined that involuntary manslaughter through culpable negligence was not raised by the evidence, this Court, as well as other appellate tribunals, has an independent responsibility to evaluate the evidence and determine whether an appellant was deprived of his right to have the court-martial consider all reasonable alternatives of guilt. *United States v. Clark,* 22 U.S.C. M.A. 576, 580, 48 C.M.R. 83, 87 (1973); *United States v. Bellamy,* 15 U.S.C.M.A. 617, 621, 36 C.M.R. 115, 119 (1966).

■ In *United States v. Daniel,* 16 U.S.C. M.A. 492, 37 C.M.R. 112 (1967), we held that a finding of guilty of involuntary manslaughter through culpable negligence was warranted where the accused pointed a pistol at the victim to scare him and the weapon unintentionally discharged. Appellant's testimony in this case is sufficiently analogous to the factual situation detailed in *Daniel* to warrant the conclusion that the trial judge erred in failing to instruct on the offense of involuntary manslaughter through culpable negligence.

Government· counsel also maintain that the appellant was not prejudiced by the absence of the instruction since the trial judge properly instructed upon the lesser included offenses of unpremeditated murder, voluntary manslaughter,[3] involuntary manslaughter while perpetrating an assault and battery, and negligent homicide. The Government points to Chief Judge Quinn's separate opinion in *United States v. Martinez,* 20 U.S.C.M.A. 228, 43 C.M.R. 68 (1970), as support for the proposition that an accused is not prejudiced by the absence of an instruction on a lesser included offense so long as the trial judge instructs on an offense greater in degree than the omitted offense, but lesser in degree than the offense of which the accused ultimately is found guilty. *Cf. Belton v. United States,* 127 U.S.App.D.C. 201, 382 F.2d 150, 156 n. 16 (1967).

■ The fallacy in the premise of such a test for prejudice lies in its assumption that lesser included offenses can be arranged vertically in terms of relative severity. In our view, the relevant inquiry to assess the degree of prejudice which resulted in this case from the failure to instruct on involuntary manslaughter through culpable negligence would be to ask whether there exists another lesser included offense properly instructed upon of which the appellant legally

---

1. *United States v. Evans,* 17 U.S.C.M.A. 238, 38 C.M.R. 36 (1967); *United States v. Kuefler,* 14 U.S.C.M.A. 136, 33 C.M.R. 348 (1963).

2. *See* Article 119(b)(1), Uniform Code of Military Justice, 10 U.S.C. § 919(b)(1).

3. The court members subsequently found appellant guilty of voluntary manslaughter.

could have been found guilty, assuming the jury believed he had acted in a culpably negligent manner as his testimony suggested.[4] Since the element of culpable negligence did not enter into the trial judge's instructions on any of the other lesser included offenses, it cannot be said that the jury properly could have found the appellant guilty of some offense other than involuntary manslaughter through culpable negligence.[5] *United States v. Giordano,* 15 U.S.C.M.A. 163, 35 C.M.R. 135 (1964), offers no support for the test for prejudice urged in this litigation by Government counsel. *Giordano* stands for the proposition that an accused is not harmed by a trial judge's failure to *repeat* an instruction previously given and rejected by the jury. The concern in this case is with the trial judge's failure to give a necessary instruction the first time.

 Because appellate authorities can only speculate as to what the jury's verdict would have been had the trial judge properly enumerated all the lesser included offenses, we believe that prejudice is inherent in the trial judge's omission of an instruction on a lesser included offense reasonably raised by the evidence for there is always a reasonable possibility that the court members were misled in resolving the accused's guilt. *United States v. Clark, supra; United States v. Moore,* 16 U.S.C.M.A. 375, 36 C.M.R. 531 (1966); *United States v. Kuefler,* 14 U.S.C.M.A. 136, 33 C.M.R. 348 (1963); *United States v. Clay,* 9 U.S.C.M.A. 582, 26 C.M.R. 362 (1958); *United States v. Clark,* 1 U.S.C.M.A. 201, 2 C.M.R. 107 (1952). As recently stressed in *United States v. Graves,* 23 U.S.C.M.A. 434, 50 C.M.R. 393, 1 M.J. 50 (1975), we view the trial judge's obligation to provide appropriate legal guidelines to assist the jury in its deliberations as an essential ingredient of a fair trial.

The decision of the Court of Military Review is reversed, and the record of trial is returned to the Judge Advocate General of the Navy. The Court of Military Review may affirm the lesser offense of involuntary manslaughter through culpable negligence and reassess the sentence, or a rehearing may be ordered.

Senior Judge FERGUSON concurs.

COOK, Judge (dissenting):

To say that an instruction on a lesser offense reasonably raised by the evidence should be given is one thing; but to say, as the majority does, that the failure to give an appropriate instruction can never be harmless is quite another, and, in my opinion, is contrary to the command of Article 59, Uniform Code of Military Justice, 10 U.S.C. § 859, that a conviction should not be overturned for "an error of law unless the error materially prejudices . . . the accused."

As early as *United States v. Rhoden,* 1 U.S.C.M.A. 193, 200, 2 C.M.R. 99, 106 (1952), the Court held that an instructional error justified reversal only if there was a "reasonable possibility . . . [the court members] were misled by [the] erroneous instructions." In *United States v. Giordano,* 15 U.S.C.M.A. 163, 169, 35 C.M.R. 135, 141 (1964), the Court said:

> It is settled law that incorrect or incomplete instructions do not require reversal where there is no possibility of prejudice to the accused from the omission.

---

4. To suggest that the jury's verdict finding the appellant guilty of an offense not including the element of culpable negligence constitutes a rejection by the jury of the culpable negligence concept would, in practical effect, undermine the requirement that the judge provide the court members with appropriate legal guidelines prior to their deliberations for it would sanction inappropriate and incomplete instructions through the test-for-prejudice vehicle so long as the accused ultimately was found guilty of an offense which, itself, had been instructed upon properly.

5. Thus, the jury's rejection of the offenses of negligent homicide and involuntary manslaughter while perpetrating an assault and battery cannot serve as a basis for the conclusion that the appellant was not prejudiced by the absence of an instruction encompassing culpable negligence since neither of those offenses includes the element of culpable negligence.

*Giordano* further held that a reviewing authority can properly look to the court-martial's verdict to determine whether an instructional error presented a fair risk of prejudice. Civilian courts apply the same principle. Thus, in *Belton v. United States,* 127 U.S.App.D.C. 201, 382 F.2d 150, 157 (1967), the court said:

> In reaching our conclusion that there was no reversible error, we again emphasize that the jury's verdict went beyond second degree murder; this weakens any sense of prejudice from failure to charge manslaughter.

In *State v. Zupkosky,* 127 N.J.L. 218, 21 A.2d 771, 775 (1941), the court held that an instructional error as to a lesser offense in issue "need not be examined or passed upon because, in the light of the jury's verdict, it could not have been harmful to the defendant."

A failure to instruct on a lesser offense than that found by the court-martial is prejudicial if it fairly appears that, had it known of the uninstructed offense, the court might have found the accused guilty of that offense instead of the more serious wrong. Here, the choices presented to the court members were as follows:

1. Premeditated murder—the offense charged.
2. Unpremeditated murder.
3. Voluntary manslaughter.
4. Involuntary manslaughter while engaged in a battery.
5. Negligent Homicide.

The uninstructed offense of involuntary manslaughter by culpable negligence involves no intent to kill; in that regard, it is like involuntary manslaughter while perpetrating a battery and negligent homicide. To find the accused guilty of voluntary manslaughter, the court members expressly had to consider, and reject, a finding that the accused acted without an intent to kill. As the court members twice rejected a finding that the accused acted without an intent to kill, once when it rejected homicide by simple negligence, and again when it rejected homicide by a deliberate assault but without an intent to kill, I can conceive of no sensible possibility that they would have found the accused had no intent to kill if they had also been instructed that homicide by gross negligence could be involuntary manslaughter since it involves no intent to kill. Consequently, the verdict of the court members demonstrates, in my opinion, the absence of any possibility of harm to the accused as a result of the failure of the trial judge to instruct on the offense in issue. I would, therefore, affirm the decision of the Court of Military Review.