UNITED STATES, Appellant

v.

BUDDY ESTES, Private, U. S. Army, Appellee

2 USCMA 171, 7 CMR 47

No. 773

Decided February 6, 1953

LT. COL. Thayer Chapman, U. S. Army, and 1ST LT. Eugene L. Grimm, U. S. Army, for Appellant.

LT. COL. James C. Hamilton, U. S. Army, and 1ST LT. Thomas E. Cole, U. S. Army, for Appellee.

Opinion of the Court

GEORGE W. LATIMER, Judge:

This cause is before us on certificate from The Judge Advocate General, United States Army, and involves the same issue as that presented in the case of United States v. Glover (No. 829), 7 CMR 40, decided this date.

Accused was tried by special court-martial[1] on three charges, which were (1) two specifications of absence without leave, (2) one specification alleging the breaking of restrictions, and (3) one specification alleging larceny of some clothing of a value of $26.50, taken from another soldier. He pleaded not guilty to all charges and specifications, but guilty to the lesser offense of wrongful appropriation included within the larceny charge. The court-martial found him guilty as charged and sentenced him to a bad-conduct discharge, forfeiture of $53.00 per month for six months, and to be confined at hard labor for six months. The convening authority approved.

The board of review in the office of The Judge Advocate General of the Army held that the failure of the president to instruct the court-martial on the elements of the included offense of wrongful appropriation constituted error prejudicial to the rights of the accused. Accordingly, the board set aside the larceny conviction and approved only so much of the finding as to that charge as found the accused guilty of wrongful appropriation. The sentence was consequently reduced to a bad-conduct discharge, forfeitures of $53.00 per month for five months, and confinement at hard labor for five months.

The Judge Advocate General in certifying the case to this Court requested that we pass upon the same general issue involved in the Glover case, supra. The principles enunciated therein are applicable here. In both cases the accused persisted in his plea of guilty to the lesser included offense of misappropriation after the president had explained the meaning and effect of such plea. In this case accused admitted the wrongful taking of the articles of clothing, but stated that it was his intention to return them to their owner, thus leaving intent as the sole factual issue to be determined by the court-martial. At the close of the trial full and complete instructions on the elements of the offense of larceny were given by the president and he included in his charge a statement that, if the court had reasonable doubt as to the degree of guilt, a finding should be returned in the lesser degree as to which there was no doubt.

For the reasons stated in the Glover case, supra, we hold that the question certified by The Judge Advocate General of the Army should be answered in the negative. The decision of the board of review is reversed and the cause is returned to The Judge Advocate General for reference to a board of review for action not inconsistent with this opinion.

Chief Judge QUINN concurs.

BROSMAN, Judge (dissenting):

I dissent for the reasons set forth in my dissenting opinion in the case of United States v. Glover (No. 829), 7 CMR 40, decided this date.

---

[1] Sp CM 5192.