UNITED STATES, Appellee

v

CLAYTON E. DINSMORE, Technical Sergeant,
U. S. Air Force, Appellant

11 USCMA 28, 28 CMR 252

*Lieutenant Colonel Philip J. Williamson* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel James L. Kilgore* and *Lieutenant Colonel Robert O. Rollman.*

*Lieutenant Colonel Francis R. Coogan* argued the cause for Appellee, United States. With him on the brief were *Colonel John F. Hannigan, Lieutenant Colonel Robert W. Michels,* and *Lieutenant Colonel James R. Thorn.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was charged with absence without leave and three larcenies, in violation of Articles 86 and 121 of the Uniform Code of Military Justice, 10 USC §§ 886 and 921, respectively. At the time of arraignment, he pleaded guilty to the first enumerated offense, not guilty to the larcenies but guilty to the included offenses of wrongful appropriation. He was found guilty of the offenses as charged and sentenced to a bad-conduct discharge and confinement at hard labor for three months. The findings and sentence were approved by the convening authority and the officer exercising general court-martial jurisdiction, and the board of review affirmed. We granted accused's petition for review to determine whether an instruction given by the president of the special court-martial defining false pretenses was correct. Accused assails the instruction primarily on the basis that it permitted the court-martial to base a finding of wrongful obtaining of the property through false pretenses on the premise the accused did not have an honest belief that his representations were true.

For reasons which will hereinafter appear, it is unnecessary for us to consider the accuracy of the instruction. It, of course, related only to the larcenies and, from the statement of facts above set forth, it is apparent that by his plea of guilty to the lesser included offenses of wrongful appropriation, the accused, prior to the instructions, judicially admitted he wrongfully obtained possession of the property and left in issue only the intent with which the property was misappropriated.

Article 121 of the Code, supra, which defines larceny and wrongful appropriation, prescribes the same elements for each except the wrongful intent. In the greater offense, it is necessary for the Government to establish an intent permanently to deprive another person of his property, while in the lesser offense it is only necessary to establish the intent to deprive temporarily. Accused was represented by a certified lawyer, and the plea and arguments show this difference was understood by the defense. Moreover, it was correctly delineated to the court-martial, for the record discloses that the president of the special court instructed on both the greater and lesser offenses. As to larceny, he informed the court-martial that to return a finding of guilt, it must determine that the wrongful taking was with intent permanently to deprive the owner of his property. He then went on to advise the court that there was a lesser included offense which he identified as wrongful appropriation. In connection with his instruction on that crime, he specifically pointed out that, if the court concluded the accused only intended temporarily to deprive the owner, the finding must be in that lower degree. It is thus apparent that with respect to the only factual question in issue on accused's guilt, the instructions were entirely correct. The questioned instruction touched neither on that mat-

ter nor accused's punishment and, assuming without deciding that it was erroneous, he was in no way prejudiced.

Other arguments are advanced by the accused to support his contention. We have given consideration to them but, in light of the present record, we find them to be without merit. Accordingly, the decision of the board of review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (concurring):

I concur.

While I join my associates in affirming the decision of the board of review, I prefer to set forth my views with respect to the accuracy of the questioned instruction.

The accused was found guilty of absence without leave, in violation of Uniform Code of Military Justice, Article 86, 10 USC § 886, and three specifications of larceny, in violation of Article 121, 10 USC § 921. Intermediate appellate authorities affirmed, and we granted review on the question whether the president of the special court-martial erred in his instructions on the offense of larceny with respect to the element of wrongfully obtaining property by means of false pretenses.

At the outset, it should be noted that the accused pleaded guilty to the offenses of wrongful appropriation, also in violation of Code, supra, Article 121, included in the specifications of larceny and persisted in that plea after a full explanation of its meaning and effect. Thereafter, evidence was adduced tending to establish that he obtained money by means of negotiating worthless checks, intending at the time of their utterance that they not be paid upon presentment. At the conclusion of the trial, the president instructed the court-martial on the elements of the offenses charged and the lesser included offense of wrongful appropriation. Following his discourse upon the constituent parts of larceny, he added the following comments:

"The court is further advised that with respect to the element that the accused wrongfully obtained the property, obtaining property by false pretense is wrongful. A false pretense is a false representation of a past or existing fact. The pretense must be in fact false when made, *and the accused must have known it was false to the extent that he did not have an honest belief that it was true.* . . .

"In addition to the other kind of facts, the fact falsely represented by a person may be his intention. Consequently, one who represents that he presently intends to perform a certain act in the future, but who at the time of his representation does not honestly intend to perform the act, makes a false representation of an existing fact—his intention—and thus a false pretense. For example, a person makes such a false pretense by uttering a check made by him if at the time of the utterance he did not honestly intend to have sufficient funds in the bank available to meet payment of the check upon its presentment for payment in due course." [Emphasis supplied.]

The difficulty with the quoted instruction is that it tends to shift to the accused the burden of proving his innocence. Boatright v United States, 105 F2d 737 (CA 8th Cir) (1939). In that case, the defendants were charged with using the United States mails in furtherance of a fraudulent scheme. The trial judge advised the jury that, if it was found that "these defendants did not devise an artifice or scheme to defraud; that they did not make false and fraudulent representations or pretenses; . . . then it would be your duty to find either one or both of them not guilty." In reversing the judgment of guilty and directing a new trial, the Circuit Court of Appeals noted with respect to the quoted instruction:

". . . But this instruction placed upon the defendants the burden of convincing the jury that they did not devise a scheme, that they did not make false representations, that they did not intend to defraud, that they did not intend to obtain money by

30

false pretenses. The instruction, we think, was erroneous." [Boatright v United States, supra, at page 740.]

See also Minner v United States, 57 F 2d 506 (CA 10th Cir) (1932), and Drossos v United States, 2 F2d 538 (CA 8th Cir) (1924). The vice present in the *Boatright* instruction is equally present here, for implicit in the declarations that accused was guilty if he "did not have an honest belief" that his representations were true and "did not honestly intend" to deposit sufficient funds to cover the checks he drew is the concept that he must demonstrate his innocence to the court. Of course, the contrary is true, for the burden is upon the Government to establish the affirmative falseness of accused's representation of his intention as in the case of every other element of the offense. Code, supra, Article 51, 10 USC § 851; United States v Rowan, 4 USCMA 430, 16 CMR 4.

The conclusion that the court-martial was improperly advised does not, however, dictate that the error █ was necessarily prejudicial to the accused's substantial rights. As noted above, he pleaded guilty to the lesser included offense of wrongful appropriation. Once accepted by the court-martial as voluntary, that plea established the accused wrongfully obtained, by means of a material false pretense, the monies involved, leaving in issue only the question of his intent. United States v Glover, 2 USCMA 164, 7 CMR 40; United States v Estes, 2 USCMA 171, 7 CMR 47. As the false representation upon which the questioned instruction bore was thus established by his plea, it is apparent that the error could have caused the accused no harm. Thus, I join in the disposition of the case ordered by the author of the principal opinion.