UNITED STATES, Appellee

v

EDWARD ROBERTSON, Airman Third Class, U. S. Air Force, Appellant

11 USCMA 36, 28 CMR 260

Lieutenant Colonel James L. Kilgore and Lieutenant Colonel Philip J. Williamson were on the brief for Appellant, Accused.

Colonel John F. Hannigan and Lieutenant Colonel Francis R. Coogan were on the brief for Appellee, United States.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

A general court-martial convicted accused of an unauthorized absence and sixteen specifications of larceny, violations respectively of Articles 86 and 121, Uniform Code of Military Justice, 10 USC §§ 886 and 921. He was sentenced to dishonorable discharge, confinement at hard labor and partial forfeitures for one year, and reduction to the lowest enlisted grade. The convening authority disapproved the finding of guilty as to one specification of larceny, reduced the amount of the forfeitures, but otherwise approved the findings and sentence. Thereafter the board of review affirmed, and we granted accused's petition for review limited to the same instructional issue with which we were concerned in United States v Dinsmore, 11 USCMA 28, 28 CMR 252, decided this date.

As in that case, there is no need for us to determine the propriety of the instruction. Upon his arraignment, accused pleaded guilty to absence without leave and, as to the larcenies with which we are concerned in this appeal, not guilty but guilty of the lesser included offense of wrongful appropriation. Thus, as in the above cited case, accused, by his plea, left in issue only the intent with which the property was misappropriated—the element which differentiates larceny and wrongful appropriation. The law officer, in his instructions to the court members, care-fully spelled out this difference. He correctly charged them that unless they determined that accused intended to deprive the owner of his property permanently, they could not return a finding of guilty of larceny but that they might convict accused of the included offense of wrongful appropriation—which requires the intent temporarily to deprive—if they were convinced beyond a reasonable doubt that accused entertained that intent. Thus, the case at bar is on all fours with United States v Dinsmore, supra. It is clear that the law officer's instructions were entirely correct with regard to the sole disputed issue as to accused's guilt, and the questioned instruction did not relate to that issue or to the sentence. Accordingly, it is obvious, even if we were to assume arguendo that the instruction in question was improper, that it could not have operated to accused's prejudice.

The decision of the board of review, therefore, is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (concurring):

I concur in the affirmance of the decision of the board of review for the reasons set forth in my separate opinion in United States v Dinsmore, 11 USCMA 28, 28 CMR 252, decided this date.