UNITED STATES, Appellee

v

NATHANIAL F. OWENS, JR., Recruit,
U. S. Army, Appellant

11 USCMA 88, 28 CMR 312

No. 13,051

Decided December 24, 1959

First Lieutenant Herbert R. Brown argued the cause for Appellant, Accused. With him on the brief were Lieutenant Colonel W. H. Blackmarr, Captain Arnold I. Melnick, and First Lieutenant Thomas J. Simmons.

First Lieutenant Allen I. Saeks argued the cause for Appellee, United States. With him on the brief was Lieutenant Colonel James G. Mc-Conaughy.

## Opinion of the Court

HOMER FERGUSON, Judge:

The accused was charged with absence without leave, in violation of Uniform Code of Military Justice, Article 86, 10 USC § 886, and larceny, in violation of Code, supra, Article 121, 10 USC § 921. He pleaded guilty to the unauthorized absence and to the lesser included offense of wrongful appropriation. He was found guilty of the offenses charged and sentenced to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for two years. With some reduction in sentence, intermediate appellate authorities affirmed, and we granted review on the issue whether the law officer erred to accused's prejudice by his abbreviated instructions on the offense of larceny.

The advice to the members of the court on the offense of larceny consisted of the following declaration:

"You are instructed that the accused's plea of guilty of the lesser included offense of wrongful appropriation will warrant a finding of guilty of that offense without further proof, but that a plea of guilty of wrongful appropriation to a charge of larceny is not in itself a sufficient basis for a conviction of larceny. However, the accused's plea has established without the need for proof three of the essential elements of larceny, leaving in issue only the element of his intent to steal, that is, his intent permanently to deprive another person of the use and benefit of property. With respect to this issue, the court is in-

structed that no inference of an intent to steal arises from any admission involved in the plea, and to warrant a conviction of larceny the evidence must establish this intent beyond a reasonable doubt. The court is further advised that proof of no one fact may be equated to proof of the accused's intent, which must be determined from all the evidence and natural inferences to be drawn therefrom.

. . . . .

"If under all the evidence, including proper inferences, you are satisfied beyond a reasonable doubt that the accused intended to steal the property which in this case is $30 lawful money of the United States, you should find the accused guilty of larceny as charged. Otherwise, you must find the accused not guilty of larceny but you should, in view of the accused's plea, find him guilty of the lesser included offense of wrongful appropriation, . . ."

No instructions were given on the elements of the lesser included offense of wrongful appropriation.

Appellate defense counsel urge that the failure to set forth the elements of an offense to which the accused has pleaded not guilty is *per se* prejudicial. The Government asserts that accused's plea of guilty to the lesser included offense left in issue only the question of his intent, and the members of the court were adequately advised concerning that requirement. We agree with the latter proposition.

It is clear that the law officer erred in failing to delineate the elements of the offense charged. Code, supra, Article 51, 10 USC § 851; United States v Clay, 1 USCMA 74, 1 CMR 74. It is equally apparent that, unlike the situation presented in United States v Clay, supra, accused's plea of guilty to the lesser included offense of wrongful appropriation left in issue only the question whether he intended permanently to deprive his victim of the stolen property. United States v Glover, 2 USCMA 164, 7 CMR 40; United States v Estes, 2 USCMA 171, 7 CMR 47. The court-martial was fully instructed concerning that matter. Hence, there is no possibility that accused could have been harmed by the omission of instructions on the other elements. United States v Dinsmore, 11 USCMA 28, 28 CMR 252; United States v Robertson, 11 USCMA 36, 28 CMR 260.

The decision of the board of review is affirmed.

Judge LATIMER concurs.

Chief Judge QUINN concurs in the result.