UNITED STATES, Appellee

v

STEPHEN BRYANT, III, Private, U. S. Army, Appellant

22 USCMA 36, 46 CMR 36

No. 25,451

November 17, 1972

*Captain William X. Parsons* argued the cause for Appellant, Accused. With him on the brief were *Colonel Arnold I. Melnick, Captain Francis X. Gindhart,* and *Captain Robert H. Dickman.*

*Captain James F. Clark* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Captain Richard L. Menson,* and *Captain Benjamin P. Fishburne, III.*

QUINN, Judge:

Among other offenses, the accused was charged with the premeditated murder of Sergeant Fox. He was convicted of unpremeditated murder. On this appeal, he contends that the finding of guilty is invalid because the military judge earlier in the trial had accepted a plea of guilty to the lesser included offense of involuntary manslaughter and had entered a finding of guilty thereon.

At a session held under the provisions of Article 39(a), Uniform Code of Military Justice, 10 USC § 839, the accused pleaded guilty to involuntary manslaughter. During the judge's inquiry into the accused's understanding of the meaning and effect of the plea of guilty, defense counsel indicated that the plea was predicated upon the theory that Fox's death resulted from an assault upon him by the accused. See Article 119(b), Code, supra, 10 USC § 919. The judge accepted the plea of guilty, but specifically noted that he was not making any findings as to the offense charged. Responding to questions by trial counsel, he pointed out that his action "in no way" precluded the Government from proving premeditated murder. Later, he informed the court members that he had accepted the accused's plea of guilty to involuntary manslaughter, but he had not entered any findings of guilty.

After the Government rested its case, another Article 39(a) session was held. The judge proposed that the trial continue in one of two ways. His first suggestion was that he enter a finding of guilty of involuntary manslaughter on the basis of the accused's plea and that he then instruct the court members as to the effect of this finding on their consideration of the murder charge. Alternatively, he proposed that entry of a finding of guilty on the plea of guilty be deferred until the court members returned a verdict; if the verdict was for a greater offense, he observed, the matter of entering a finding of guilty on the plea would be "moot." Defense counsel responded to the proposals by indicating that the defense desired only to get before the court members its theory that the accused did not actually intend to kill Sergeant Fox.

Still another Article 39(a) session was held after the defense rested its case. At this session, the judge announced that he had found the accused guilty of "a violation of Article 119, a lesser included offense of the offense charged." He called attention specifically to the fact that his formal declaration of the finding of guilty did not include the "standard exceptions and substitutions formula," the use of which, he said, would necessitate "a finding of not guilty of the alleged offense." Defense counsel assured the judge that he understood the finding as announced, and his final argument to the court members indicates that his understanding included the fact that, notwithstanding the entry of the judge's finding on the plea of guilty, the court members had still to determine whether the accused intended to kill Sergeant Fox.

In the course of his instructions on the applicable law and issues, the judge advised the court members that as a result of the accused's plea of guilty to the lesser offense of involuntary manslaughter, the "first three elements of premeditated murder" were not to be considered by them. Reminding them that he had entered a finding of guilty of involuntary manslaughter on the accused's plea of guilty thereto, he instructed that they could properly "acquit the accused as to the charge and the lesser included offenses down to involuntary manslaughter," but they were not to "be concerned about the effect of an acquittal" because of what he had "found the accused guilty of, based upon his plea." Defense counsel "concur[red] in that." As noted earlier, the court-martial found the accused guilty of unpremeditated murder.

Appellate defense counsel contend that entry of a finding of guilty of involuntary manslaughter by the trial

judge operated as an acquittal of the accused of the greater offenses comprehended within the charge, with the result that the later findings of guilty of unpremeditated murder made by the court members violated his right not to be twice placed in jeopardy for the same offense.

Under Article 39(a) of the Code, supra, "if permitted by regulations of the Secretary concerned," the trial judge can arraign the accused and receive a plea of guilty from him in a session without the court members. The Article does not authorize the judge to enter a finding of guilty on the plea. Article 45(b) of the Code, however, provides that, in other than capital cases, "if permitted by regulations of the Secretary concerned," the judge may enter "immediately without vote" of the court members, "a finding of guilty of the charge or specification." Army Regulation 27-10, dated November 26, 1968, provides the supplementation required by the Article. See also Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 70b. In pertinent part, paragraph 2-19, AR 27-10, provides as follows:

"b. In a trial by a court-martial with members, a finding of guilty of the charge and specification may be entered immediately without a vote after a plea of guilty has been accepted by the military judge or president of a special court-martial without a military judge.

"c. No such entry should be made as to any plea of guilty to a lesser included offense."

In United States v Moser, 41 CMR 999 (AFCMR 1970), the United States Air Force Court of Military Review considered the effect of the entry by the military judge of a finding of wrongful appropriation, in accordance with an accepted plea of guilty to that offense, upon a subsequent finding of guilty by the court members of larceny, the offense charged. The court noted that if the judge had legal authority to enter a finding of guilty of the lesser offense, it would not hesitate to hold that the "bed rock principle" of double jeopardy would apply to prevent court members from later finding the accused guilty of larceny, but it concluded that the trial judge "was entirely without power" to enter a finding of guilty of the lesser offense in a trial with court members, with the result that the finding entered by the judge had "no force or effect as an acquittal of larceny." *Ibid.*, at page 1003.

The Government relies upon *Moser*, supra, to support its contention that the cited paragraph of AR 27-10, "forbids" the entry of a finding of guilty of a lesser offense, when the court-martial includes court members. Such action, it contends, violates the regulation and has no legal effect on later findings by the court members. Appellate defense counsel contend that *Moser* was wrongly decided. Also, they construe the regulation as advisory, not "absolutely prohibitory." They maintain that if the regulation is construed as the Government construes it, it is contrary to the authority granted the trial judge by Article 45. Alternatively, they argue, relying upon United States v Cruz, 10 USCMA 458, 28 CMR 24 (1959), that even if the judge exceeded his authority, his action still had sufficient legal efficacy to create a situation to which the principle of double jeopardy applies. See also United States v Jorn, 400 US 470, 27 L Ed 2d 543, 91 S Ct 547 (1971).

■ We need not decide whether under Article 45 and Army Regulation 27-10 the trial judge can never enter a finding of guilty of a lesser included offense to which the accused has pleaded guilty. Neither need we decide whether, assuming the existence of such authority in some instances, the exercise in this instance was correct. Suffice it that the record demonstrates beyond all doubt that the finding of guilty entered by the judge was not intended as, and was not understood by the accused to be, an acquittal of the offense charged; consequently, the situation presented by this case does not involve the rule against double jeopardy.

The principle of double jeopardy protects an accused "from being subjected

to the hazards of trial and possible conviction more than once for an alleged offense." Green v United States, 355 US 184, 187, 2 L Ed 2d 199, 78 S Ct 221, 223 (1957). What is contemplated by the principle is a single trial and a single punishment. There is, however, no mechanical rule to determine the applicability of the principle to all cases. Indeed, it has been said that mechanical application of the principle may exact "too high a price" for the accused's freedom from Government harassment. United States v Jorn, supra, 400 US, at page 480. Here, there was only one trial and only one submission to the court members, as the triers of the facts, of the accused's guilt or innocence of the murder charge. The several discussions between the judge and counsel demonstrate that the finding of guilty of involuntary manslaughter was not an exoneration of the murder charge. The judge expressly pointed out the limited effect of his entry of a formal finding of guilty on the basis of the accused's plea, and he emphasized that his action did not affect the right of the Government to prove the charge of murder or the right of the court members to consider that charge. Defense counsel expressly acknowledged that he understood the limited nature of the finding made by the judge. A judge's "characterization of his own action cannot control the classification of the action for purposes of . . . appellate jurisdiction" (United States v Jorn, 400 US, footnote 7, at pages 478–479), but the inescapable conclusion to be drawn from what was said and done in this case is that the judge's entry of a finding on the accused's plea to the lesser offense did not acquit the accused of murder.

The murder offense was never submitted to the judge for decision on the facts; all that he acted on was a plea of guilty to the lesser offense. He expressly reserved for the court members determination on the evidence, the accused's guilt of murder. His action did not terminate the trial, but specifically provided for its continuation until a verdict by the court members. Neither logically nor legally was continuation of the proceedings a second trial of the accused for murder. In sum, the accused was not, as in *Green*, supra, "forced to run the gantlet" on the charge of murder more than once. No violation of the principle of double jeopardy is, therefore, indicated.

Aside from the claim of former jeopardy, the accused contends that no valid findings were ever entered by the court-martial as to the first three elements of the offense of which he was convicted. The contention is predicated upon the judge's instruction to the court members that, as he had found the accused guilty of involuntary manslaughter, it was unnecessary for them to consider the "first three elements of premeditated murder." The judge also instructed that the first three elements of murder were not for the court members' consideration because they had been "judicially confessed and admitted" by the accused.

We perceive no reasonable likelihood that the court members were misled by the instructions to believe that the three elements of murder to which the judge referred were different from, or more than, the matters admitted by the plea of guilty to involuntary manslaughter. Even if the judge erred by entering a finding of guilty of involuntary manslaughter on the basis of the accused's plea, and even if he should not have referred to that finding in his instructions, the error presents no risk of prejudice to the accused. The accused's plea of guilty admitted the matters set forth in the first three elements of the offense charged, as delineated by the judge, and the judge could, therefore, properly instruct the court members that they should accept those matters as proven. See United States v Owens, 11 USCMA 88, 28 CMR 312 (1959).

The decision of the Court of Military Review is affirmed.

Chief Judge DARDEN and Judge DUNCAN concur.