UNITED STATES, Appellee

v

JOHNNIE SIMPSON, Private, U. S. Army and
MARVIN C. MABRY, Private, U. S. Army,
Appellants

17 USCMA 44, 37 CMR 308

No. 19,865

May 19, 1967

*Captain John Kagel* argued the cause for Appellants, Accused. With him on the brief were *Colonel Daniel T. Ghent* and *Major David J. Passamaneck.*

*Captain Maurice Jay Kutner* argued the cause for Appellee, United States. With him on the brief were *Colonel Peter S. Wondolowski* and *Lieutenant Colonel David Rarick.*

## Opinion of the Court

QUINN, Chief Judge:

This is one of a number of cases challenging the procedure adopted by a law officer in Vietnam to assure himself of the providence and voluntariness of proposed pleas of guilty.

Before formal entry of the pleas, the law officer held an out-of-court hearing with the accused, their counsel, and trial counsel.[1] He announced it was his "practice" to place the accused under oath as a means of insuring "truthful answers" to his questions. He advised the accused that, if he determined their respective pleas of guilty were improvident, their answers could not be used against them in a trial for the offense to which they proposed to plead guilty, but an "untruth" could be used against them in a trial for perjury.[2] Each accused was then placed under oath; and each was questioned about his age, education, and background. The law offi-cer also separately inquired into whether each accused understood the nature of the offense, the possibility of a defense thereto, the maximum punishment for the offense, and the probable adverse effects a conviction might have after the accused returned to the civilian community. The answers of each accused indicated he understood fully the nature of the offense, the meaning and consequences of a plea of guilty, and, further, that his decision to plead guilty was entirely voluntary. The same indication appears in a stipulation of fact admitted in evidence, and a pretrial agreement between the accused and the convening authority.

On this appeal, the accused contend that the law officer denied them their constitutional right against self-incrimination by putting them under oath, and further infringed upon their right to change their pleas or set up

---

[1] Both accused were charged with willful disobedience of the order of a superior officer, in violation of Article 90, Uniform Code of Military Justice, 10 USC § 890.

[2] Although only the accused Simpson was at the law officer's bench when these comments were made, the parties have proceeded on the basis that they were also addressed to, and heard by, Mabry. We shall consider the issues from the same standpoint. United States v Griffin, 15 USCMA 135, 136, 35 CMR 107.

matter inconsistent therewith anytime before sentence, by his "threat" of a perjury prosecution for an untrue answer. See Manual for Courts-Martial, United States, 1951, paragraph 70b; United States v Politano, 14 USCMA 518, 522, 34 CMR 298. Neither, however, has impugned the providence, or the voluntariness, of his plea of guilty; and neither suggests he would have changed his plea of guilty.

The probable reason for the procedure adopted by the law officer undoubtedly lies in the frequency of post-conviction repudiations by accused of their pleas of guilty. Quite recently, we commented on that subject, and recommended adoption of a form of inquiry calculated to insure that the accused knows fully the nature of the offense, the punishment therefor, and that he is, in fact, guilty of the offenses, and has freely and voluntarily decided on a plea of guilty. United States v Chancelor, 16 USCMA 297, 36 CMR 453. See also United States v Brown, 11 USCMA 207, 29 CMR 23, dissenting opinion by Judge Ferguson. We are certain, therefore, that the law officer's purpose was laudable. However, a laudable purpose is no guaranty that the procedure adopted to attain it has the sanction of law. United States v Robinson, 13 USCMA 674, 33 CMR 206; United States v Thompson, 11 USCMA 5, 28 CMR 229; United States v Jones, 7 USCMA 283, 22 CMR 73.

At the argument on the appeal we were informed by counsel that they knew of no jurisdiction in which the law or rules of court require the trial judge to administer an oath to the accused prior to inquiry into the voluntariness and providence of his plea of guilty. Our research has disclosed its use in only one court, but it does not appear to be required by rule. Michigan v Luft, Circuit Court for the County of Washtenaw, Docket No. 11–869, Record of Proceedings on Change of Plea, December 11, 1959. The procedure recommended in the Manual for Courts-Martial, supra, is that the law officer merely address the accused, without any intimation that he first make him take an oath. *Id.*, paragraph 70b, and Appendix 8a, Guide—Trial Procedure, page 509. The same type of informal exchange between the judge and the defendant is contemplated by Rules 11 and 32(a), Federal Rules of Criminal Procedure. See also Turner v United States, 325 F2d 988 (CA 8th Cir) (1964). The procedure utilized by the law officer in this case is, therefore, novel. Novelty alone does not necessarily condemn a practice as erroneous, but it does invite close scrutiny of its actual and possible consequences.

The oath is a powerful incentive for truth-telling. See United States v Samuels, 10 USCMA 206, 27 CMR 280; United States v Claypool, 10 USCMA 302, 27 CMR 376. In some situations, it may have a dampening effect upon a person's willingness to speak, freely and fully, on a subject. The idea that he may later be called to account for the accuracy of his remarks may inculcate in him a feeling of restraint which is inappropriate to the purpose of the proceedings. See Turner v United States, supra, pages 989–990. Military law expressly recognizes this circumstance in the sentence proceedings by granting the accused the right to make an unsworn statement in mitigation. Manual for Courts-Martial, supra, paragraph 75c; see also United States v Claypool, supra, page 305. The inquiry into the providence and voluntariness of a plea of guilty is another area in which the greatest possible encouragement should be accorded the accused to speak freely and without fear. United States v Chancelor, supra; United States v Butler, 9 USCMA 618, 26 CMR 398. A reminder, or a "threat," that an "untruth" may result in a trial for perjury, especially when unaccompanied by any limitation as to the materiality of the answer to the subject matter of the hearing (see United States v DeAngelo, 15 USCMA 423, 35 CMR 395) is, at the very least, inconsistent with the law's desire for optimum freedom of exchange between the law officer and the accused, and is contrary to the spirit of the inquiry. We conclude, therefore, that the procedure invoked by the law officer, while well intentioned, should not be followed.

Recourse to an inappropriate or even

illegal procedure at trial does not necessarily result in prejudicial error. United States v Drake, 15 USCMA 375, 35 CMR 347; United States v Cruz, 10 USCMA 458, 28 CMR 24; United States v Allbee, 5 USCMA 448, 18 CMR 72; United States v Jones, supra. We have scrutinized the record of trial as to each accused, and we are unable to find any merit in the allegations of prejudice. Examination of his understanding of the offense and the punishment, his appreciation of the nature and effect of his plea of guilty, and his willingness to enter the plea, does not violate the privilege against self-incrimination. Placing him under oath imports into the proceedings unnecessary formality, but it does not change it into an instrument of coercion. As to the possibility of a change of plea, nothing in the transcript of the record, or in the appellate papers filed in this case, suggests that either accused desired to change his plea. Consequently, assuming, as they contend, that administration of the oath has a tendency to discourage a motion for a change of plea, there is nothing to indicate these accused desired to do so. The record demonstrates the accused were not deprived of due process of law. There is no doubt whatever of the voluntariness of their pleas; the providence of their pleas; and the correctness of the findings of guilty. Affirmance of the convictions is, therefore, required. United States v Butler, supra, page 620; United States v Drake, supra.

The decision of the board of review is affirmed.

Judges FERGUSON and KILDAY concur.