**UNITED STATES**

**v.**

**Gene RICHARDSON, 128 46 5551, Private (E–1) U. S. Marine Corps.**

**NCM 78 1004.**

U. S. Navy Court of Military Review.

Sentence Adjudged 8 March 1978.

Decided 14 Nov. 1978.

LT Christopher C. Henderson, JAGC, USNR, Appellate Defense Counsel.

1ST LT Craig L. Kemmerer, USMCR, Appellate Government Counsel.

Before CEDARBURG, C. J., and DUNBAR and GLADIS, JJ.

GLADIS, Judge:

The accused pleaded guilty at a general court-martial bench trial to wrongful possession of marijuana and robbery, in violation of Articles 92 and 122, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 922. He was sentenced to a dishonorable discharge, confinement at hard labor for 4 years, and total forfeitures. The convening authority reduced the dishonorable discharge to a bad-conduct discharge, and approved the sentence, probationally suspending confinement in excess of 9 months and 27 days.

The accused contends that he has been prejudiced by the trial judge's consideration of matter elicited during the providence inquiry in arriving at the sentence. We agree and shall reassess the sentence in order to purge the error.

Prior to announcing the sentence, the judge enumerated the factors which had impressed him most in his deliberation: the fact the victim was a recruit; the nature of the weapon that was to be taken and apparently turned loose on society; and the fact that the victim was bound and put in a Dempster Dumpster with its possible consequences. The robbery specification alleged that the accused stole an M–16A1 rifle from the person of the victim, a recruit, by means of force and violence. The matter alleged in the specification was properly considered in the court's deliberations on sentence. Consideration of the remaining matters which were based solely on information elicited from the accused by the judge during the plea providence inquiry was highly improper.[1] *United States v. Brooks*, 43 C.M.R. 817 (A.F.C.M.R.1971), *pet. den.* 43 C.M.R. 413 (C.M.A.1971). The inquiry into the providence and voluntariness of a guilty plea is an area in which the greatest possible encouragement should be accorded the accused to speak freely and without fear. *United States v. Simpson*, 17 U.S.C.M.A. 44, 37 C.M.R. 308 (1967). Use during sentence deliberations of matters based solely on information elicited during the providence inquiry would tend to inhibit the accused in his responses, and is, therefore, inconsistent with the law's desire for optimum freedom of exchange between the judge and the accused, and contrary to the spirit of the inquiry. The trial judge erred in considering such matter. The error may be cured by reassessment of the sentence. *United States v. Brooks, supra.* In view of the serious nature of the offenses and the accused's prior record, we find no fair risk that, absent consideration of the improper matter, the court would have imposed a less severe sentence than the unsuspended portions of the sentence as the case reaches us.

Accordingly, the findings of guilty and, upon reassessment, so much of the sentence as approved on review below as provides for a bad-conduct discharge, confinement at hard labor for 9 months and 27 days, and total forfeitures is affirmed. Charge III which was withdrawn after arraignment is dismissed.

Chief Judge CEDARBURG and Judge DUNBAR concur.

1. *Accord United States v. Davis*, No. 76 1652 (NCMR 30 September 1976) (unpublished); *United States v. Hyder*, No. 71 2895 (NCMR 18 January 1972) (unpublished).