UNITED STATES of America,
Plaintiff-Appellee,

v.

Juventino CUEVAS–RAMIREZ,
Defendant-Appellant.

No. 83–1634.

United States Court of Appeals,
Tenth Circuit.

May 3, 1984.

William L. Lutz, U.S. Atty., and David N. Williams, Asst. U.S. Atty., Albuquerque, N.M., for plaintiff-appellee.

Reber Boult, Asst. Federal Public Defender, Albuquerque, N.M., for defendant-appellant.

Before BARRETT and DOYLE, Circuit Judges, and CHILSON *, District Judge.

CHILSON, District Judge.

We refer to plaintiff as "U.S." and to defendant as "Cuevas" or "defendant".

## STATEMENT OF THE CASE

On March 8, 1983, Cuevas and his brother-in-law, Ortiz-Enriquez, were charged in a seven-count indictment with transporting by vehicle from Columbus, New Mexico, to Gallup, New Mexico, seven aliens illegally in the United States in violation of 8 U.S.C. § 1324(a)(2) (1982) and 18 U.S.C. § 2 (1982).

The maximum sentence on each count is a fine of not exceeding $2,000 or imprisonment for a term not exceeding five years, or both.

---

* Hatfield Chilson, Senior Judge, United States District Court for the District of Colorado, sitting by designation.

Pursuant to a plea agreement, Cuevas entered a plea of guilty to count 1 and after imposition of sentence, the remaining six counts against Cuevas were dismissed on motion of the United States.

On April 21, 1983, Cuevas entered his guilty plea. The court accepted the plea, ordered the probation service to prepare a pre-sentence report, and set a sentencing date for May 13, 1983.

The pre-sentence report was submitted on May 9, 1983, four days before sentencing. On May 12, 1983, defendant filed a "motion to correct the pre-sentence report" by striking unspecified portions of the report or by revealing the sources of unspecified "objectionable information".

In the absence of a specification of the particular provisions of the seven-page pre-sentence report which defendant desired stricken and the information which defendant deemed "objectionable", the court did not err in denying the motion.

On May 13, 1983, the court, after affording the defendant and his counsel the right of allocution, sentenced the defendant to two years imprisonment.

## APPEAL

By this appeal, defendant requests this court to vacate the sentence "and that he be resentenced with an instruction that the unreliable information in the pre-sentence report be stricken or that he be given meaningful opportunity to rebut the information." (Page 9, appeals brief).

## THE LAW

■ A judge, in imposing a sentence, is not limited to a consideration of evidence which is admissible at a trial to determine the guilt or innocence of the defendant.

Rule 32(c) of the Federal Rules of Criminal Procedure authorizes the probation service to make a pre-sentence investigation and report to the court before the imposition of sentence. 18 U.S.C. § 3577 (1982) provides: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

In *Gregg v. United States*, 394 U.S. 489 at 492, 89 S.Ct. 1134 at 1136, 22 L.Ed.2d 442 (1969), the Supreme Court stated with respect to pre-sentence investigation reports: "There are no formal limitations on their contents, and they may rest on hearsay and contain information bearing no relation whatever to the crime with which the defendant is charged."

In *Gore v. United States*, 357 U.S. 386 at 393, 78 S.Ct. 1280 at 1284, 2 L.Ed.2d 1405 (1958), the Supreme Court held that it had no power to revise sentences either to increase or reduce them.

This Circuit has repeatedly followed the rules set forth above. See *United States v. Winn*, 411 F.2d 415 at 419 (10th Cir. 1969); *United States v. Floyd*, 477 F.2d 217 at 224 (10th Cir.1973); *United States v. McClain*, 501 F.2d 1006 at 1013 (10th Cir. 1974); *United States v. Dillon*, 566 F.2d 702 at 704 (10th Cir.1977).

## BASIS FOR APPEAL

■ The defendant asserts that the trial court based its sentence on one paragraph of the pre-sentence report which states: "Investigative reports indicate that defendant, Juventino Cuevas-Ramirez acts primarily as an organizer of the drivers who transport the illegal aliens. However, if there is a shortage of drivers, Mr. Cuevas-Ramirez transports the aliens to the designated points." (Pre-sentence report, Page 4).

We find in the record no support for this assertion.

The defendant completely ignores the court's statement made at the time of pronouncing sentence. The court stated:

Well, as the probation report reflects, Mr. Cuevas has previously re-entered the United States, I think on two occasions. And the Court surely always finds it difficult to sentence in these types of matters. However, the Court does not

feel that Mr. Cuevas was merely coming to the United States because of the dire economic conditions in Mexico, but rather was a willing participant in which he was trying to take advantage of the people that are in fact fleeing from the economic situation.

So the Court feels that an example has to be made in this case.

It is adjudged as to Count 1 of the indictment that you are hereby committed to the Attorney General or his authorized representative for imprisonment for a period of two years. (Record, Vol. III, pp. 5, 6).

In this statement, the court noted that Cuevas has previously reentered the United States, "I think on two occasions." Actually, the defendant admitted that he had illegally entered the United States on three occasions prior to February 1983, the date of the instant offense. Defendant stated he entered the United States illegally when he was eighteen years of age, again in 1979, and again in January 1983. On each occasion, he was granted voluntary deportation. (Pre-sentence report, page 5).

The court also stated in sentencing defendant that defendant was a "willing participant" in the crime charged.

This finding is supported by defendant's statement in the pre-sentence report:

Defendant describes his role in the instant offense as follows. He states that his brother-in-law, codefendant Manuel Ortiz-Enriquez, organized a load of aliens in Palomas, Mexico to be transported into the United States. Juventino (Cuevas) wanted to come to the United States to seek employment and his brother-in-law agreed to let him go with the stipulation that Mr. Cuevas-Ramirez would have to assist with the driving in exchange for the free transportation. (Pre-sentence report, page 4).

That the defendant was a "willing participant" in the commission of the crime to which he pled guilty, is also supported by the defendant's sworn testimony at the time that he entered his plea of guilty on April 21, 1983. The defendant testified:

THE COURT: And do you understand—tell the Court what you're pleading guilty to.

MR. CUEVAS: That I did wrong—that I came in illegally.

THE COURT: But exactly what did you do?

MR. CUEVAS: We were bringing people in illegally.

THE COURT: And when did this happen?

MR. CUEVAS: The 24th of February.

THE COURT: And where?

MR. CUEVAS: We were retained immediately there in Hachita.

THE COURT: And you knew you were violating the law?

MR. CUEVAS: Yes, I know. (Record, Vol. II, p. 6).

We find in the record no evidence to indicate that the defendant was other than a "willing participant".

The defendant does not challenge the reliability or accuracy of the foregoing information.

The defendant's brief cites several cases wherein circuit courts have vacated sentences and remanded cases for resentencing because the trial court in determining the sentence to be imposed relied upon erroneous or unreliable information.

None of the cases cited by the defendant involve a sentence based on information furnished by the defendant himself and are not applicable to the case before us.

The appeal should be and is hereby denied and dismissed.