**UNITED STATES**

v.

**Brian DANIELS, 197 52 1196, Machinist's Mate Fireman (E–3), U.S. Navy.**

84 4375.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 14 Sept. 1984.

Decided 29 April 1985.

LCDR Frederick N. Ottie, JAGC, USN, Appellate Defense Counsel.

LCDR Harold M. Shaw, JAGC, USN, Appellate Defense Counsel.

LT Joseph G. Lee, JAGC, USNR, Appellate Government Counsel.

Before GORMLEY, KERCHEVAL and BARR, JJ.

GORMLEY, Chief Judge:

Pursuant to his pleas, appellant was found guilty at a general court-martial, military judge alone, of conspiracy to commit robbery, robbery, wrongful possession and distribution of marijuana, and drunk and disorderly conduct in violation of, respectively, Articles 81, 122, and 134 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 922, 934. The appellant was sentenced to confinement at hard labor for four years, total forfeiture of all pay and allowances, reduction to pay grade E–1, and a bad conduct discharge. The convening authority approved the sentence as adjudged and, in accordance with the pretrial agreement, suspended all confinement in excess of 33 months for the period of confinement actually served and one year thereafter.

Appellant now comes before this court and makes the following assignment of error:

APPELLANT WAS DENIED MILITARY DUE PROCESS BECAUSE THE

MILITARY JUDGE WAS REQUIRED TO PLACE APPELLANT UNDER OATH BEFORE DETERMINING THE PROVIDENCE OF APPELLANT'S PLEAS OF GUILTY AND THE MILITARY JUDGE COMPLIED WITH THE OATH REQUIREMENT BEFORE DETERMINING THE PROVIDENCE OF APPELLANT'S PLEAS OF GUILTY.

Appellant's assignment assails the requirement, under Rule for Court-Martial (R.C.M.) 910(e) *Manual for Courts-Martial, United States, 1984,* (MCM, 1984), that the accused "shall be questioned under oath about the offenses" during the military judge's inquiry into the providence of his pleas. Under the *Manual for Courts-Martial, 1969 (Revised)* [MCM, 1969 (Rev.)], an accused was *not* placed under oath during the providence inquiry. The MCM, 1984 and its R.C.M. 910(e) requirement took effect on 1 August 1984. Thus, appellant's assignment raises an issue of first impression.

■ Appellant avers that the military judge's implementation of the oath requirement deprived him of his right to military due process and asks this court to set aside the findings of guilty to all charges and specifications. We disagree and affirm the findings and sentence below. We find that Rule 910(e) is a validly promulgated rule and that no violation of military due process occurred where the military judge complied with it.

■ The MCM, 1984 was promulgated by the President of the United States in Executive Order 12473 pursuant to the authority vested in him by the U.S. Constitution[1] and Article 36 of the UCMJ (10 U.S.C. § 836).[2] Executive rules falling properly within the valid delegation of power by Congress have the force and effect of law. *Public Utilities Commission v. United States,* 355 U.S. 534, 78 S.Ct. 446, 2 L.Ed.2d 470 (1958); *Miller v. Arkansas,* 352 U.S. 187, 77 S.Ct. 257, 1 L.Ed.2d 231 (1956); *Billings v. Truesdell,* 321 U.S. 542, 64 S.Ct. 737, 88 L.Ed. 917 (1944). The Constitution vests in Congress the power to make rules for the government and regulation of the armed forces and this includes the power to provide for the trial and punishment of military offenses. *United States v. Smith,* 13 U.S.C.M.A. 105, 32 C.M.R. 105 (1962). The delegation of the power to prescribe procedural rules governing courts-martial to the President in Article 36 of the UCMJ is a valid delegation of power. *Id.* Thus, R.C.M. 910(e) is a validly promulgated rule having the force of law which the military judge was obligated to follow.

Despite the validity of the rule and the propriety of the military judge's action applying it, appellant urges that its use mandates reversal of this case because "[t]he mandatory oath requirement constitutes an unnecessary interference with appellant's right to plead guilty, can inhibit a full providence inquiry, removes necessary discretion from the military judge, and exposes appellant to subsequent prosecutions, nonjudicial punishment, or adverse administrative action." In support of this argument appellant notes that, prior to the advent of MCM, 1984, military judges were prohibited from placing an accused under oath during the providence inquiry. *United States v. Simpson,* 17 U.S.C.M.A. 44, 37 C.M.R. 308 (1967). The Court in *Simpson,* while lauding the apparent intent of a law officer to reduce the frequency of post-conviction repudiations of pleas of guilty by customarily placing an accused under oath

---

1. U.S. CONST., Art, II, Sec 2, Cl. 1: "The President shall be Commander in Chief of the Army and Navy of the United States ..."

2. Art. 36 President may prescribe rules.
   (a) Pretrial, trial, and post-trial procedures, including modes of proof, for cases arising under this chapter in courts-martial, military commissions and other military tribunals, and procedures for courts of inquiry, may be prescribed by the President by regulations which shall, so far as he considers practicable, apply the principles of law and the rules of evidence generally recognized in the trial of criminal cases in the United States District Courts, but which may not be contrary to or consistent with this chapter.
   (b) All rules and regulations made under this article shall be uniform insofar as practicable and shall be reported to Congress.

during providence, disallowed the practice because of the "dampening effect" it might have on an accused's willingness to speak freely about the circumstances surrounding his plea. *Id.* at 310.

R.C.M. 910 is based on Article 45, UCMJ, 10 U.S.C. § 845, which requires that an accused must understand the meaning and effect of his plea before a plea of guilty is allowed to stand, and on Rule 11 of the Federal Rules of Criminal Procedure (Fed. R.Crim.P.) which establishes procedures for acceptance of a guilty plea in the federal courts. Appendix 21, MCM, 1984 at A21–52. "The last sentence requiring that the accused be placed under oath is designed to ensure compliance with Article 45 and to reduce the likelihood of later attacks on the providence of the plea. This is consistent with federal civilian practice. *See* Fed.R.Evid. 410." *Id.* at A21–53. The Federal Rules of Criminal Procedure [3] and the Federal Rules of Evidence [4] contemplate that an accused may be placed under oath during the guilty plea inquiry. While an oath is not required under Rule 11, at least one of the federal circuits has made the oath mandatory.[5] Virtually all of the other federal circuits have, at least on occasion if not as a standard practice, placed the accused under oath during their Rule 11 inquiry concerning his guilty plea.[6] The

Supreme Court has implicitly placed its imprimatur on the giving of an oath during a guilty plea noting that *"[s]olemn* declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977) (emphasis added). Admonishing the sentencing court for not following the "commendable" [7] comprehensive set of procedures established by the North Carolina Legislature governing disposition by guilty plea and plea hearings, the Court recognized that the "principal purpose of the North Carolina statutory reform was to permit quick disposition of baseless collateral attacks." *Id.* at 80, n. 19, 97 S.Ct. at 1632, n. 19. Thus, not only is the implementation of an oath requirement for the providence inquiry not inconsistent with the Federal Rules of Criminal Procedure and the Federal Rules of Evidence, it reflects the drafters' recognition of Congress's and the Supreme Court's concerns with groundless collateral attacks on guilty pleas. The mandatory oath is indicative of the drafters' conscious determination that, while the Court in *Simpson, supra,* had determined that an oath's negative effect on an accused's willingness to speak freely outweighed any salutary reduction of post-conviction attacks on guilty pleas, the balance now has swung the other way.

---

3. Rule 11(c) of the Fed.R.Crim.P. provides in pertinent part:

> (c) ADVICE TO DEFENDANT. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:
>
> .    .    .    .
>
> (5) if the court intends to question the defendant under oath, on the record, and in the presence of counsel about the offense to which he has pleaded, that his answers may later be used against him in a prosecution for perjury or false statement.

4. Rule 410 provides that evidence of pleas of guilty or of "any statements made in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure or comparable state procedure are not admissible against the defendant who made the plea or was a participant in the plea discussions" except "in a criminal proceeding for perjury or false statement if the statement was made by the defendant under

oath, on the record and in the presence of counsel." Rule 410, Fed.R.Evid..

5. *Bryan v. United States,* 492 F.2d 775 (5th Cir. 1974), *cert. denied* 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974); "The oath is a 'critical requisite'." *United States v. Coronado,* 554 F.2d 166, 174 (5th Cir.1979) [quoting *Vandenades v. United States,* 523 F.2d 1220, 1224 (5th Cir. 1975)].

6. *Marquis v. United States,* 698 F.2d 13 (1st Cir.1983); *United States v. Oliver,* 626 F.2d 254 (2d Cir.1980); *Government of Virgin Islands v. Josiah,* 641 F.2d 1103 (3rd Cir.1981); *Little v. Allsbrook,* 731 F.2d 238 (4th Cir.1984); *Fabiano v. Wheeler,* 583 F.2d 265 (6th Cir.1978); *United States v. Johns,* 728 F.2d 953 (7th Cir.1984); *United States v. Johnson,* 751 F.2d 291 (8th Cir. 1984); *United States v. Castello,* 724 F.2d 813 (9th Cir.1984); *United States v. Cuevas-Ramirez,* 733 F.2d 731 (10th Cir.1984).

7. *Id.* 431 U.S. at 79, 97 S.Ct. at 1632.

Appellant's argument regarding the deprivation of military due process is an untenable one. The due process requirements with respect to a guilty plea are that an accused's plea of guilty be made voluntarily and knowingly. *United States v. McCarthy*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). A military judge may not accept a plea of guilty unless "he is assured that an accused understands the likely consequences of such action." *United States v. Castrillon-Moreno*, 7 M.J. 414, 415 (C.M.A.1979). It is well established in military law that the intent of the providence inquiry is to place into the record the *true* facts surrounding the accused's offense. *United States v. Johnson*, 1 M.J. 36 (C.M.A.1975).[8] Placing the accused under oath during providency imports to him the seriousness of a plea of guilty and stresses the military judge's admonitions that he should be pleading guilty only if he is "in fact" guilty and only if each of the particular elements of the offense is "absolutely true." In this way, the mandatory oath helps protect the accused from pleading guilty falsely and promotes judicial integrity. Thus, rather than undermining an accused's due process rights, the mandatory oath underscores the requirement that an accused's decision to plead guilty is proper, knowing, and intelligent.

We conclude that any deleterious effect that the 910(e) oath requirement might have on an accused's willingness to plead guilty or to speak freely during the inquiry into the voluntariness of his pleas is far outweighed by the reduction of baseless collateral attacks on guilty pleas, the protection of an accused from falsely pleading guilty, and the shielding of the judicial process from willful deceit and untruthfulness.

Accordingly the findings and sentence as approved below are affirmed.

Judge KERCHEVAL and Judge BARR concur.

---

**8.** "[T]he inquiry into the providence of [an] accused's proposed plea of guilty deals with truth and all parties have an obligation to establish that truth on the record." *Id.* at 39.