UNITED STATES, Appellee,

v.

Private First Class Robert L. COURTNEY, 315–70–3092, United States Army, Appellant.

SPCM 19815.

U.S. Army Court of Military Review.

19 Dec. 1985.

---

**2.** *United States v. Grostefon*, 12 M.J. 431 (CMA 1982).

For Appellant: Lieutenant Colonel Arthur L. Hunt, JAGC, Major Marion E. Winter, JAGC, Captain Pamela O. Barron, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Larry D. Williams, JAGC, Captain Tarek Sawi, JAGC (on brief).

Before RABY, CARMICHAEL and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

CARMICHAEL, Judge:

On 10 June 1983, appellant was tried by a military judge sitting as a special court-martial. Consistent with his pleas, he was convicted of two specifications of unlawful distribution of marijuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982) [hereinafter cited as UCMJ]. His sentence, as approved, was to a bad-conduct discharge, two months confinement at hard labor, a forfeiture of $382.00 pay per month for three months, and reduction to the grade of Private E–1. The convening authority who approved the sentence was Major General Anderson, then Commander of the 3d Armored Division. Under the circumstances of the case, and in view of prior findings by this court in similar cases from the same command, *see, e.g., United States v. Treakle,* 18 M.J. 646 (ACMR 1984) (en banc), *pet. granted,* 20 M.J. 131 (CMA 1985); *United States v. Yslava,* 18 M.J. 670 (ACMR 1984) (en banc), *pet. granted,* 19 M.J. 281 (CMA 1985), we found that the presumption that appellant had been deprived of favorable character witnesses during the sentencing hearing was unrebutted. *United States v. Courtney,* SPCM 19815 (ACMR 4 Feb. 1985) (unpub.). Accordingly, after determining that the presence of unlawful command influence affected no other aspect of appellant's trial, we affirmed the findings of guilty but set aside the sentence.

On 4 June 1985, a rehearing on sentence was held before a military judge alone, and he sentenced appellant to a bad-conduct discharge, "to be confined for time served," a forfeiture of $382.00 pay per month for three months, and reduction to the grade of Private E–1. Pursuant to an agreement with the convening authority,[1]

---

1. The agreement was titled "Offer to Stipulate" and was an offer by appellant to stipulate to expected character testimony of a *generally* favorable nature. In accepting appellant's offer to stipulate in lieu of having the witnesses personally appear at the rehearing, the convening authority agreed not to approve a sentence exceeding a bad-conduct discharge, 15 days confinement, a $100.00 forfeiture of pay, and reduction to Private E–1.

The gist of the testimony from the two officers and four noncommissioned officers was: (1) that they either were unaware of any unlawful command influence problems in the 3d Armored Division, or had only heard rumors or read newspaper accounts about such problems; (2) that they either were available to testify at the time of appellant's trial and were not called, or they had testified; (3) that appellant was a young, impressionable soldier who they rated as "average"; and (4) that they either did or did not believe that appellant had potential for continued service in the Army. These stipulations of expected testimony were admitted in evidence at the rehearing, and indicate that the witnesses not called by the trial defense counsel at appellant's court-martial, with one exception, were individuals opposed to his retention in the Army.

Although we do not believe that the unlawful command influence issues again raised by appellant before this court require discussion because we are satisfied that our prior disposition of them was proper, we have provided the above summary of stipulated testimony because much of it addresses whether any of the witnesses were unlawfully influenced. Apparently, none of appellant's character witnesses had ever heard Major General Anderson speak on the

only that portion of the sentence adjudging a bad-conduct discharge, 15 days confinement, forfeiture of $100.00 pay, and reduction to the lowest enlisted grade was approved.

Appellant, raising the issue for the first time on further review by this court, contends that the approved sentence exceeds the adjudged sentence with respect to confinement. Appellant's position is that the military judge's failure to announce the confinement in full days or months created an ambiguity which must be resolved in his favor. By announcing a sentence including confinement "for time served," appellant argues that the trial judge may have been adjudging a punishment of no confinement. Thus, the convening authority was precluded from approving any confinement whatsoever, since it is unclear that confinement was adjudged. We disagree and find that the military judge did sentence appellant to confinement.

Our examination of the trial record persuades us that all parties to the trial understood that the sentence, as announced, included an ascertainable period of confinement. It could be precisely determined by reference to the time already served by appellant in confinement. Further, although the length of the confinement was not expressed numerically by the military judge, we are satisfied that appellant, his counsel, and the military judge understood, and tacitly, if not expressly, acknowledged that the adjudged confinement was for a readily identifiable period of time which exceeded 15 days (15 days being that portion of the adjudged confinement which was subsequently approved by the convening authority). We hold that appellant was sentenced to confinement, and although announced in an unorthodox manner, the confinement was neither illegal nor its length uncertain.[2] *See United States v. Clapp*, 2 CMR 590, 593 (NBR 1952).

In reaching this result, we note that the military judge, as sentencing authority, had before him defense evidence that appellant had served post-trial confinement for at least 20 days. This consisted of a statement of conduct and three progress reports, covering the period from 21 June through 10 July 1983, which were prepared by officials from the Army correctional facilities where appellant had served the confinement portion of his initial sentence. The military judge also was aware that appellant, on 10 June 1983 at his original sentence hearing, had received two months confinement and the convening authority subsequently had approved the confinement as adjudged. Unless confinement is suspended or deferred, which was not done in the case at bar, it begins to run from the date adjudged regardless of whether or not the prisoner is actually incarcerated in a confinement facility. Article 57, UCMJ, 10 U.S.C. § 857 (1982).

Further, after the military judge had sentenced appellant, his comments to appellant, appellant's response, and the silence of counsel are consistent with our finding that all parties to trial understood and agreed that the adjudged confinement was for a calculable time-period, and that the calculable period clearly exceeded 15 days. The pertinent comments of the judge and appellant's (accused's) response, as taken from the record, read as follows:

MJ: Under the terms of your pretrial agreement the convening authority may approve no more than the terms of your pretrial agreement, that is, reduction to E–1, a bad-conduct discharge, confinement for 15 days and forfeiture of $100.00 pay. *Administrative arrangements will be made to insure that you get proper credit on your forfeitures based upon time you have already served which is in excess of 15 days* that occurred.

Do you understand this?

subject of members of an accused's chain of command providing favorable testimony at trial.

**2.** It is not a punishment prohibited by the Uniform Code of Military Justice, *see* for example Article 55, 10 U.S.C. § 855 (1982), nor is it prohibited by decisional law since the confinement is for an ascertainable term.

ACC: Yes, sir.

MJ: *And I have reason to believe, based upon the evidence, that you've already served in excess of 15 days....*

(Emphasis added).

Assuming *arguendo*, however, that an ambiguity as to the confinement portion of the military judge's sentence does exist, it exists, not as to whether any confinement was adjudged, but only as to the length of the adjudged confinement. If the military judge's choice of words in announcing the confinement portion of appellant's sentence did create an ambiguity, it was an ambiguity that was short-lived. Unquestionably, it was clarified by the judge prior to his adjournment of the sentence rehearing.[3] Thus, the convening authority did not increase the severity of appellant's adjudged sentence by approving confinement for 15 days. *See generally, United States v. Ledlow,* 29 CMR 475, 479–80 (CMA 1960) (sentence to be confined not to exceed four months is not so vague and indefinite that its disapproval is required). Our construction of the confinement portion of appellant's sentence apparently does not differ from that of his counsel at the rehearing, since the initial challenge to the certainty of this confinement was made by appellate defense counsel. Under the circumstances, appellant suffered no harm from the military judge sentencing him to confinement for the time that he already had served, and, even assuming there was a potential for harm, it ceased to exist when the convening authority approved only 15 days of the confinement portion of the sentence.

We find the remaining errors, including those personally raised by appellant, to be without merit. We note that several of these errors center on unlawful command influence issues previously resolved by this court.[4] As a result, appellant now has been afforded sentence relief in a proceeding untainted by the specter of unlawful command influence. Further relief is not warranted.

The findings of guilty and the sentence are affirmed.

Judge ROBBLEE concurs.

Senior Judge RABY took no part in the decision of this case.

---

**3.** Rule for Court-Martial 1009 permits a military judge to seek clarification of an ambiguous sentence adjudged by members any time prior to adjournment. An obvious corollary is that, when sitting without members, a military judge also may act to clarify a sentence, or a portion thereof, that he adjudged. By his comments after announcing the sentence in the case before us, the judge made it clear that he had imposed a sentence including an ascertainable term of confinement in excess of 15 days.

However, this court is at a loss to understand the military judge's failure to follow the form set forth for confinement in Appellate Exhibit XI, the sentence worksheet. If the confinement had been adjudged for a specified number of days or months, the issue of whether or not appellant's sentence included confinement would have been avoided. Confinement, when adjudged, should be expressed for a specified term in full days, months or years. *United States v. Bussard,* 31 CMR 448 (NBR 1961); Manual for Courts-Martial, United States, 1984, App. 11; Department of Army Pamphlet 27–9, Military Judges' Benchbook (1 May 1982), para. 2–37. If the military judge determines that confinement is not an appropriate punishment, he should not refer to it in announcing the sentence that he believes is appropriate. Our comments should not be interpreted as discouraging thoughtful improvisation by trial judges when required, but any departure from routine courtroom procedure should be balanced against the potential for needless appellate litigation.

