**UNITED STATES, Appellee,**

v.

**Sergeant Robert L. HOLT, 316–60–9566, United States Army, Appellant.**

**CM. 447260.**

U.S. Army Court of Military Review.

9 April 1986.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Eric T. Franzen, JAGC, Captain Annamary Sullivan, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Larry D. Williams, JAGC, Major Robert L. Swann, JAGC (on brief).

Before YAWN, WILLIAMS, and KENNETT, Appellate Military Judges.

OPINION OF THE COURT

KENNETT, Judge:

Tried by a military judge sitting as a general court-martial, appellant was con-

victed, pursuant to his pleas, of wrongful distribution of methamphetamine and using provoking words in violation of Articles 112a and 117, Uniform Code of Military Justice [hereinafter cited as UCMJ], 10 U.S.C. §§ 912a and 917 (1982 and Supp. I 1983), respectively. He was sentenced to a bad-conduct discharge, confinement for five months, forfeiture of all pay and allowances, and reduction to the grade of Private E–1. The convening authority approved the adjudged sentence.

On appeal appellant asserts two errors, only one of which merits our discussion. Appellant argues plain error was committed when trial counsel, during his sentencing argument, referred to statements elicited from appellant during the providence inquiry. Notwithstanding the government's concession of error, we deem, under the facts of this case, trial counsel's argument permissible. Only a short recitation of the facts is necessary.

During the providence hearing, appellant testified under oath as to the drug transaction in question. He stated that on 15 December 1984 he received a telephone call from Private First Class Burley seeking to purchase drugs. Appellant told Burley to call back in five minutes because appellant had to find Sergeant (SGT) Hill to determine the availability of the drugs. Appellant went to another room where he found SGT Hill and Specialist Four King passed out from intoxication. As appellant attempted to arouse Hill to obtain the drugs, King awoke and stated that Hill did not know where the drugs were but "Specialist Fikes" had them. Appellant then went to Fikes' room and got the methamphetamine which, later that day, he sold to Burley and an undercover agent from the Criminal Investigation Command (CID).

During presentencing, CID Agent Gilbert White was called by the defense to testify about appellant's cooperation with the CID. On cross-examination, he testified that appellant implicated his roommate, SGT Hill, by telling the CID in a sworn statement that, when he awoke SGT Hill, Hill told him where to get the drugs.

During argument on sentencing, trial counsel contrasted appellant's contradictory statements made to Agent White and during the providence inquiry concerning the source of the drug information. No objection was made concerning trial counsel's argument during the course of the court-martial. The military judge did not indicate whether he considered trial counsel's argument in determining the sentence.

Analysis of this issue begins with our recent decision in *United States v. Arceneaux*, 21 M.J. 571 (A.C.M.R.1985). In that case, evidence arising during Arceneaux's providence inquiry was used by the trial judge both when he questioned certain sentencing witnesses and when deciding the appropriate sentence. The particular evidence in question concerned prior acts of uncharged misconduct. We determined the evidence could be used, and then delineated the evidentiary standards to be applied to determine whether such evidence could be properly admissible during sentencing. *United States v. Arceneaux*, 21 M.J. at 572–73. In the present case, although addressing sentencing argument versus examination of a witness, a similar issue is presented: may evidence arising during the providence inquiry be considered, in any form, by the military judge in determining a sentence? Because of the frequency with which this issue arises, we feel elucidation is required. We begin with those decisions which have been cited for the proposition that providence inquiry information may neither be considered nor argued.

In *United States v. Brown*, 17 M.J. 987 (A.C.M.R.), *pet. denied*, 19 M.J. 1 (C.M.A. 1984), trial counsel's sentencing argument referred to certain facts which had arisen during the providence inquiry. This court deemed trial counsel's argument improper, citing *United States v. Richardson*, 6 M.J. 654 (N.C.M.R.1978), *pet. denied*, 6 M.J. 280 (C.M.A.1979), and *United States v. Brooks*, 43 C.M.R. 817, 820 (A.C.M.R.), *pet. denied*, 21 C.M.A. 595, 43 C.M.R. 413 (1971). In *Richardson*, the Navy court reassessed the

accused's sentence because the trial judge had considered information elicited during the providence inquiry. *United States v. Richardson*, 6 M.J. at 655. The basis for the court's opinion was that "[t]he inquiry into the providence and voluntariness of a guilty plea is an area in which the greatest possible encouragement should be accorded the accused to speak freely and without fear." *Id.* This "free flow of information" concern, in turn, was based on the Court of Military Appeal's decision in *United States v. Simpson*, 17 C.M.A. 44, 37 C.M.R. 308 (1967). There, the law officer had placed the accused under oath prior to the providence inquiry. The court, although characterizing the law officer's procedure as "well intentioned," stated that the practice of placing an accused under oath prior to the providence inquiry might have a dampening effect on the accused's willingness to speak freely. *United States v. Simpson*, 17 C.M.A. at 46, 37 C.M.R. at 310. The concern of these cases, then, is that the exchange of information between trial judge and accused during the providence inquiry, *see* Article 45, UCMJ, 10 U.S.C. § 845; *United States v. Care*, 18 C.M.A. 535, 40 C.M.R. 247 (1969), should not be "dampened" or "chilled" by the later use of the information.

The above cited cases, however, arose and were decided prior to 1 August 1984, the effective date of the "new" Manual for Courts-Martial, United States, 1984 [hereinafter cited as MCM, 1984]. Rule for Courts-Martial [hereinafter cited as R.C.M.] 910, MCM, 1984, specifies the procedures which must be followed before an accused's plea of guilty may be accepted by the military judge. In pertinent part, this rule is patterned after both Federal Rule of Criminal Procedure 11 and Federal Rule of Evidence 410. Appendix 21, MCM, 1984 [hereinafter cited as Analysis]. R.C.M. 910(e) mandates that "[t]he accused [during the providence inquiry] *shall* be questioned under oath about the offenses" [1] (emphasis added). The rule further provides, if the accused makes a false statement during the providence inquiry, he may later be prosecuted for perjury or false statement. R.C.M. 910(c)(5).

The oath requirement (and any prosecution based thereon) constitutes a dramatic change from previous military practice. This change, however, is consistent with federal civilian practice. *See* Fed.R. Crim.P. 11(c)(5) (if questioned under oath, false answers may be basis for later prosecution). Moreover, at least one federal circuit has made the oath mandatory. *Bryan v. United States*, 492 F.2d 775 (5th Cir.), *cert. denied*, 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974); *see also United States v. Daniels*, 20 M.J. 648, 650 n. 5 (N.M.C.M. R.1985). The Drafters' Analysis of R.C.M. 910(e) describes that the new practice was "designed to ensure compliance with Article 45 [UCMJ], and to reduce the likelihood of later attacks on the providence of the plea." Analysis at A21–53. As the *Daniels'* court described:

> The mandatory oath is indicative of the drafters' conscious determination that, while the Court in *Simpson, supra,* had determined that an oath's negative effect on an accused's willingness to speak freely outweighed any salutary reduction of post-conviction attacks on guilty pleas, the balance now has swung the other way.

*United States v. Daniels*, 20 M.J. at 650. The oath's powerful incentive for truth-telling was obviously additional rationale for the change. Discussion, R.C.M. 910(e); *see also, e.g. Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) (solemn declaration in open court carries strong presumption of verity).

The consequence of the Manual change seems clear. The President, pursuant to the power delegated him by Congress under Article 36, UCMJ, 10 U.S.C. § 836, has deemed that while the free flow of information between trial judge and the accused is necessary, so too are the requirements of finality and truthfulness. In balancing

---

**1.** The propriety of the oath requirement was recently confirmed in *United States v. Fletcher,* 21 M.J. 162–63 (C.M.A.1985) (summary disposition).

these interests, the scales have tipped in favor of finality and truthfulness. To this end, the accused is subjected to both the oath and possible prosecution. Because an accused is already subjected to further prosecution for giving false information during the providence inquiry, any "chilling" effect arising from the use of that information during sentencing is *de minimis*. We are confident that such use will neither hinder nor prevent an accused from accurately describing the facts surrounding his crime.

In our review of this issue, we considered the Drafters' Analysis which indicates R.C.M. 910(e) is predicated, in part, on Federal Rule of Evidence 410. Rule 410 generally makes inadmissible in subsequent criminal proceedings any statements made during a Federal Rule of Criminal Procedure 11 inquiry into a plea of guilty later withdrawn. Military Rule of Evidence 410, taken generally from its federal counterpart, similarly precludes use of statements made during the providence inquiry into a plea of guilty later withdrawn. Mil.R.Evid. 410(a)(3). The rationale behind this protection is evident: use of such evidence in a subsequent trial would preclude an accused from standing trial free of any taint from the original, withdrawn guilty plea proceedings. *See e.g. Kercheval v. United States*, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927); *United States v. Shackleford*, 2 M.J. 17, 20 n. 6 (C.M.A.1976); Saltzburg, Schinasi, Schlueter, *Military Rules of Evidence Manual*, Rule 410, Editorial Comment (Cum.Supp.1985). The rule, however, specifies that its exclusionary effect applies only to statements made, *inter alia*, during a providence inquiry where the guilty plea was later *withdrawn*. The rule has no

application, therefore, to the statements made by appellant in his providence inquiry, inasmuch as his guilty plea was neither withdrawn nor deemed improvident.[2]

Finally, we believe the use of providence inquiry information enhances the sentencing authority's ability to consider all relevant information in determining a just sentence. This desire for *all* relevant information was demonstrated in the Drafters' Analysis to the new sentencing procedures. *See e.g.* Analysis, at A21–61; *see also United States v. Harrod*, 20 M.J. 777 (A.C.M.R. 1985). The MCM, 1984, sentencing provisions intend, as much as possible and within an adversarial setting, that sentencing information in the military approximate the information provided in the federal civilian presentencing report. Analysis, at A21–61. Our research has disclosed no federal cases which preclude the trial judge from considering facts which arose during the Rule 11 inquiry. In fact, in their search for information, federal judges have nearly unbridled discretion[3] to consider all evidence relevant to an appropriate sentence. Although the MCM, 1984, sentencing provisions are not as broad as the principles which guide federal courts[4], our concerns are the same. Thus, within the guidelines mandated by the President, military trial judges, like federal district court judges, should strive to accumulate all relevant sentencing information.

 In conclusion, we hold that use of information arising during the providence inquiry is not *per se* impermissible for sentencing purposes. Either party may make use of the providence inquiry information. If the particular information to be used constitutes acts of prior uncharged miscon-

---

**2.** *Expressio unius est exclusio alterius* (The expression of one thing is the exclusion of another).

**3.** This discretion is so broad that even hearsay statements contained in the presentencing report may be considered. *See e.g., Gregg v. United States*, 394 U.S. 489, 492, 89 S.Ct. 1134, 1136, 22 L.Ed.2d 442, *reh. denied* 395 U.S. 917, 89 S.Ct. 1738, 23 L.Ed.2d 232 (1969) ("There are no formal limitations on [presentence reports'] contents, and they may rest on hearsay and

contain information bearing no relation whatever to the crime with which the defendant is charged.").

**4.** For example, evidentiary rules are applicable, although such rules may be relaxed. Additionally, any evidence in aggravation must be related to or resulting from the offenses of which the accused has been found guilty. R.C.M. 1001(b)(4).

duct, however, the trial judge, on timely objection, must then test the evidence for sentencing admissibility. *See United States v. Martin,* 20 M.J. 227 (C.M.A.1985); *United States v. Witt,* 21 M.J. 637 (A.C.M. R.1985); *United States v. Arceneaux,* 21 M.J. at 572–73; Mil.R.Evid. 403. In this case, providence inquiry information was not used as evidence, but was argued by trial counsel in his sentencing argument. Because the information was already before the sentencing authority,[5] the military judge, trial counsel was not precluded from making use of the information in argument.

We have also considered the issue personally specified by appellant and find it to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge YAWN and Judge WILLIAMS concur.

---

**5.** Here, the sentencing authority, the military judge, had heard the providence inquiry. Thus, we need not consider application of the principles set out herein in a guilty plea case where the accused chooses to be sentenced by members, who have not heard the providence inquiry. We believe that information, however, could be placed before the members. Such action, however, would be subject to the military judge's discretion, Mil.R.Evid. 403, and Mil.R. Evid. 106.